JOHN LANE *versus* LEWIS B. GOODWIN *and others.*

The fact that one of the jurors, who rendered a verdict, was disqualified by relationship to the prevailing party, according to R. S., 1857, c. 1, § 4, spec. 22, is sufficient reason for setting aside the verdict, when it appears that the adverse party was ignorant of the relationship, at and before the trial.

THIS was a WRIT OF ENTRY, on which a verdict was rendered in favor of the plaintiff, at January term, 1860.

At the same term, and within ten days, the defendants moved that the verdict be set aside, and a new trial granted, for the reason, amongst others, that one of the jurors, who tried the case and rendered the verdict, was related by affinity within the sixth degree, according to the civil law, or within the degree of second cousins inclusive, to the plaintiff; which fact was not known to the defendants until after the verdict was rendered.

KENT, J., presiding, overruled the motion, *pro forma ;* and the defendants excepted, it being agreed that either party may file depositions touching the motion before the next law term, which shall make a part of the case, and also the affidavit of Pelatiah Carll, one of the jurors, who testified that he and the wife of John Lane, the plaintiff, were second cousins ; and the affidavits of each of the defendants that they had no knowledge, at or before the trial, that either of the jurors was related by consanguinity or affinity to the plaintiff.

*A. F. Chisholm,* in support of the exceptions, cited R. S., 1857, c. 1, § 4, spec. 22; *Hardy* v. *Sproule,* 32 Maine, 310 ; 2 Cow. & Hill's Phil. on Ev., 612, note 458 ; 4 Gill. & Johns., 407.

As to the admissibility of the affidavit of Carll, the juror, he cited R. S., 1857, c. 82, § 69; c. 77, § 17; 1 Phil. on Ev., 238; *Studley* v. *Hall*, 22 Maine, 201; *Spear* v. *Robinson*, 29 Maine, 531.

*Howard & Strout, contra,* argued—1. That the fact of the alleged relationship was not sufficiently proved. *Goodwin* v. *Cloudman*, 43 Maine, 577.

2. The affidavit of the juror was not admissible in evidence. *Layton* v. *Cooper*, 1 Penn. R., 65; *Loomis* v. *Stratton*, ib., 245; *Cooper* v. *Gullsaith*, 4 Zabr., N. J., 219; 16 U. S. Dig., 19, § 3, title Affidavit.

3. A motion to set aside a verdict cannot be entertained on the affidavits of jurors. *Chadbourne* v. *Franklin*, 5 Gray, 312; *Cook* v. *Castner*, 9 Cush., 266; *Murdock* v. *Sumner*, 22 Pick., 156; *Folsom* v. *Manchester*, 11 Cush., 334.

4. The fact of relationship can only be taken advantage of by challenge. *McLellan* v. *Crofton*, 6 Greenl., 329: *Jeffries* v. *Randall*, 14 Mass., 105; *Amherst* v. *Hadley*, 1 Pick., 38; *Walker* v. *Green*, 3 Greenl., 215; *Goodwin* v. *Cloudman*, and *Cook* v. *Castner*, before cited.

The opinion of the Court was drawn up by

APPLETON, J.—This case comes before us on a motion for a new trial, because Pelatiah Carll, one of the jurymen by whom the verdict was rendered, was interested, by reason of his relationship to the plaintiff, "within the sixth degree, according to the rules of the civil law, or within the degree of second cousins inclusive." R. S., 1857, c. 1, § 4, spec. 22; *Chase* v. *Jennings*, 38 Maine, 44.

A challenge to favor may be taken after verdict. *Rollins* v. *Ames*, 2 N. H., 349. By R. S., 1857, c. 82, § 73, "If a party knows any objection to a juror *in season* to propose it before trial, and omits so to do, he shall not afterwards be allowed to make it; unless by leave of Court, for special reasons." In the case before us, the evidence introduced leaves no doubt as to the fact of relationship as alleged, and that the defendants and their counsel were alike ignorant

thereof. These facts have been repeatedly held sufficient to authorize the setting aside of a verdict, and ordering a new trial. *Chase* v. *Jennings*, 38 Maine, 44; *Hardy* v. *Sproule*, 32 Maine, 310.

But it is objected that the evidence by which the motion is sustained is inadmissible. No exceptions on this point have been reserved, nor does it in any way appear that they were taken at *Nisi Prius*, at the hearing before the presiding Judge to whose rulings exceptions were taken.

*Verdict set aside, and*
*new trial granted.*

TENNEY, C. J., and CUTTING, GOODENOW, DAVIS, and KENT, JJ., concurred.