GROVER & BAKER SEWING MACHINE COMPANY V. MISSOURI
PACIFIC RAILWAY COMPANY, *Appellant.*

1.  **Railroad**: CONTRACT TO CARRY BEYOND TERMINUS. A railroad company may be bound by contract, express or implied, but not otherwise, to transport persons or property beyond the line of its own road.

2.  ————: POWER OF FREIGHT AGENT TO CONTRACT. The general freight agent of a railroad company has power to bind the company by a contract for transportation to points beyond its own line ; but a station agent has no such power, and such a contract entered into by him is void, unless the authority has been expressly conferred by the proper superior officer, or there have been previous dealings from which the authority may be reasonably inferred, or the company has held itself out as a common carrier to such points.

*Appeal from Jackson Special Law and Equity Court.*—HON.
R. E. COWAN, Judge.

REVERSED.

*Thos. J. Portis* and *E. A. Andrews* for appellant.

1.  No authority in Lee is shown to make the contract. Wharton on Agency, §§ 127, 129, 137, 459; *Farnsworth v. Brunquest,* 36 Wis. 202; *Pole v. Leask,* 33 L. J. Eq. 155; *Burroughs v. R. R.,* 100 Mass. 26; *Wait v. R. R.,* 5 Lansing (N. Y.) 475; *Dean v. King,* 22 Ohio St. 118. 2. A railroad company cannot be required, as a common carrier, to deliver goods at a point beyond or off its own line of road. *People v. R. R. Co.,* 55 Ill. 95 ; *Cobb v. R. R. Co.,* 38 Iowa 601.

*Bryant & Holmes* for respondent.

1.  Railroad corporations have power implied in their general corporate powers to contract as common carriers for the transportation of goods beyond their own lines. *R. R. Co. v. Pratt,* 22 Wall. 123 ; *Muschamp v. R. R. Co.,* 8 M. & W. 421; *Weed v. R. R. Co.,* 19 Wend. 534; *McCluer v. R. R. Co.,* 13 Gray 124; *Nashua Lock Co. v. R. R. Co.,* 48

N. H. 339; *Burtis v. R. R. Co.*, 24 N. Y. 269.   The authorities are in conflict as to whether a contract to carry beyond the company's line may, under certain circumstances, be implied.   But in this case there is an express contract. 2.  The authority of Lee was general and not special in respect to receiving and contracting for freight to be transported by defendant's road.   He had general authority to act as defendant's freight agent at Kansas City.   The execution of the contract sued on by him, therefore, was an exercise of defendant's ordinary corporate powers, and an act which was usual in the line of business in which he was employed, and that authority could not be limited by defendant's rules and regulations not permitting him to make such contracts without special permission, because they were simply private orders or directions not known to the plaintiff.   Wharton on Agency, § 121.

HENRY, J.—This was an action in the Jackson special law and equity court to recover of defendant damages for the loss of a sewing machine shipped over its road from Kansas City to Osceola, Mo., to one James N. Thompson. The answer alleged that Osceola is not on the line of defendant's road, and that defendant made no contract to transport the sewing machine to that point.   There was a judgment for plaintiff from which defendant has appealed.

The evidence shows that defendant was operating a road from Kansas City to St. Louis, which, at Sedalia, Mo., connects with the Missouri, Kansas & Texas Railroad running south from that point, beyond the town of Clinton, which is a station on said road and the shipping point for Osceola, twenty-seven miles distant from Clinton, and neither the defendant nor the Missouri, Kansas & Texas Railroad was shown to be a common carrier between Clinton and Osceola, nor was there any railroad between those two points, nor was it shown that there was any common carrier between those points.   It was agreed that Joseph M. Lee would testify, if present, that he was, at the time

of the execution of the receipt given for said machine, defendant's freight agent at Kansas City, and had general authority to act as defendant's freight agent at Kansas City, but that the rules of the company did not permit him to enter into any contract for transportation of freight beyond the terminus of defendant's line of railroad without special permission from defendant's general freight agent at St. Louis. It was expressly agreed that said Lee was the freight agent of defendant at Kansas City, and by his duly authorized clerk, Leonard, executed and delivered to plaintiff the following receipt:

KANSAS CITY, Mo., March 7th, 1872.

Received of Grover & Baker Sewing Machine Company, in good order, by Missouri Pacific Railroad Company, to be delivered in like good order unto James M. Thompson, Osceola, Missouri.

| Marks. | Articles. | Weight. |
|---|---|---|
| J. M. Thompson, Osceola, Mo. | box and frame containing one sewing machine. | 100 lbs. |

(Signed,)          J. M. LEE, Agent, L.

The box and crate containing the machine reached the town of Clinton, and there the crate containing the machine-frame and a certain box were delivered to Jacob Blinckenhoff, to be delivered to said Thompson at Osceola. Upon the delivery of said box to said Thompson, it proved to be a box containing leather and shoe-findings, shipped to him from St. Louis, and the machinery of said sewing machine was never delivered to said Thompson or to plaintiff. The receipt sued on was furnished, filled out and presented to said clerk of Lee, by plaintiff for signature. It was not shown that plaintiff had ever before shipped over said road sewing machines, or other goods to be delivered at Osceola, or that defendant had ever held itself out as a carrier of goods to that point. On this state of facts, was plaintiff entitled to recover?

That a railroad may, by contract, subject itself to the obligation of a common carrier beyond its own line, is well

1. RAILROAD: contract to carry beyond terminus. settled by the weight of authority, but as was said in *R. R. v. Pratt*, 22 Wall: 124, the result of American authorities limits the carrier's liability as such to his own line, when no special contract is made. In *Perkins v. P. S. & P. R. R. Co.*, 47 Me. 593, it was held that " a railroad may be bound by special contract, but not otherwise, to transport persons or property beyond the line of its own road." This remark was criticised in *Lock Co. v. Railroad*, 48 N. H. 355, in which we think it was shown "that the term 'express contract' could hardly have been used in its strict sense, to signify a contract in the form of a direct promise or undertaking, in language, oral or written, proper to show a positive agreement, since the judge who delivered the opinion of the court speaks of a case where the carriers would be liable on the ground that they held themselves out as common carries to that place; in which case, (remarks the judge in the New Hampshire case,) as I understand it, the contract would not be express in the strict or usual sense of the term, but implied from the conduct of the party." Taking the criticism as just, the doctrine may be stated, that a railroad company may be bound by contract, express or implied, but not otherwise, to transport persons or property beyond the line of its own road. As thus declared, it is fully sustained by the authorities, both in the United States and England.

The vital question, therefore, in the case is, whether the defendant's freight agent at Kansas City had authority 2. ——: power of freight agent to contract. to make the contract sued on, and in this case, that is to be determined by ascertaining whether or not the power to make the contract was within the general scope of the agent's apparent authority. If it was, then although the regulations of the company forbade him from making such a contract, unless plaintiff was aware of such regulations, the company is bound. Here the agent was forbidden to make such contracts, but there is no evidence tending to show that plaintiff was informed of such regulations. The whole question then depends upon

the character of Lee's agency, whether it was general or special.

There is a marked distinction between special and general agents, with respect to the authority to bind the principal. The principal is bound by the act of the general agent though such acts are in violation of the agent's instructions; while the principal is not bound by the unauthorized acts of a special agent. Story on Agency, § 1720. Smith in his Mercantile Law, page 59, thus states the doctrine: "The authority of a general agent to perform all things usual in the line of business in which he is employed, cannot be limited by any private order or directions not known to the party dealing with him." The agreed statement does not show that Lee was a general freight agent of defendant, but is only to the effect that the testimony would show that the contract sued on was executed by Lee, then the freight agent of defendant's road at Kansas City, and the testimony of Lee was, that he was then freight agent of defendant at Kansas City, that he had general authority to act as defendant's freight agent at that point, but that the rules and regulations of the company did not permit him to enter into any contract for the transportation of freight beyond the terminus of defendant's road, without special permission from defendant's general freight agent at St. Louis, and that he did not have at that time such special permission. In *Wait v. The Albany & Susquehanna R. R. Co.*, 5 Lansing 477, the court held that, "strictly speaking, the business of a carrier, such as defendant, is confined to its own line and the general scope of its subordinate agents' authority must be limited to its business." Some of the cases deny even to a general agent authority to bind the company by a contract to transport goods beyond its own line, unless expressly authorized to do so. But the doctrine announced by Sutherland, J., in his dissenting opinion in the case of *Burtis v. The Buffalo & State Line R. R. Co.*, 24 N. Y. 274, we think the better doctrine, viz : that if defendant had the power

to make or to authorize the making of such contract, then the person acting as the general freight agent should be deemed to have been clothed with all the power to make contracts for freight or in respect to the carrying and delivery of freight, that the principal had. But here there was no proof whatever that Lee was the defendant's general freight agent. The evidence for plaintiff only proved him a station agent, and Lee's testimony was that he was subordinate to a general freight agent at St. Louis, and by that agent was expressly forbidden to make such a contract. No course of dealing between plaintiff and the company's agent at Kansas City was shown from which the authority of the agent to make the contract might be inferred. It was not shown that the company had held itself out as a carrier of goods between Kansas City and Osceola. The naked question is presented, whether a local freight agent can make a contract for the company not only unauthorized, but expressly forbidden, for the transportation of goods beyond its line. We think that the company is not bound by such a contract made by the agent. In *Railroad Co. v. Pratt, supra,* there was evidence that Graves, the station agent, had authority to make the contract, and that for five years he had been the company's agent at Pottsdam, and that the plaintiff had been in the habit of transporting horses over the defendant's railroad to Boston, a point neither a terminus nor on the line of the road. The court held that " the power in a railroad corporation to make contracts to carry beyond its line, is coincident with the power to make contracts for transportation with other carriers, and is confined to the governing officer of the corporation, and that its subordinate agents do not possess that power unless it has been expressly conferred upon them or has been so exercised by those who exercise the general authority as to have become the established business of the road."

In *Burroughs and others v. Norwich & Worcester R. R. Co.,* 100 Mass. 26, the plaintiffs relied upon a receipt signed

and delivered to them by the defendant's station agent at North Oxford, by the terms of which the defendant " promised to forward and deliver the goods to the order of Trumbull, Slade & Co., New York." The station agent had been accustomed to give to the plaintiffs precisely similar receipts for goods delivered by them to the defendant at North Oxford to be transported, but the blank forms of these receipts were furnished by plaintiffs themselves, and the officers of the defendant corporation did not know that such receipts were given by the station agent, and receipts supplied by those officers to the station agent, and which they were accustomed to fill up and deliver when requested for goods to be transported to New York were of a different form, stipulating that the goods should be transported by defendant to New London, and thence by steamboat of the Norwich & New York Transportation Company to New York. and that in case loss or damage should be incurred, the company should be responsible therefor in whose actual custody the goods might be when such loss or damage occurred. The station agent at North Oxford was the proper person to receive and sign receipts for goods delivered at that station, but had no other authority to sign and deliver to plaintiff the receipt relied upon, than was to be implied from the above facts. The court held that these facts were " clearly insufficient to warrant a court or jury in inferring that he had authority to bind defendant as common carriers beyond the line of their own railroad." That case is directly in point, but it is not necessary for this court to adopt so stringent a rule as was there announced in order to determine against plaintiff the question of the authority of the agent Lee, to make the contract relied upon in this case. There were several facts there from which authority in the agent might have been inferred, that are not in this case, which only presents, as before stated, the naked question whether or not the defendant is bound by such a contract as Lee signed for the company without express authority to do so, and against the explicit directions to the

contrary from his superior officer, the general freight agent, there having been no previous dealings between the plaintiff and the company from which plaintiff might reasonably have inferred such authority, and the company not having held itself out as a common carrier to a point beyond its line of road. On such a state of facts there can be no doubt that the company is not liable on the contract made by the agent. The court below, by its first instruction for plaintiff, left it to the jury on the above facts to determine whether the agent Lee had authority to make the contract with plaintiff or not. It should have declared as a matter of law, that on said facts plaintiff could not recover, or given the second instruction of those asked by defendant, "that the contract sued on as a contract of defendant to carry to the town of Osceola is void." Judgment reversed and cause remanded. All concur except Hough, J., who having been of counsel, did not sit in the case.