W. TURNER ET AL., Respondents, v. ST. LOUIS & SAN
FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. AGENCY.—A local freight agent of a railroad company has no power,
as such, to make a contract for the transportation of freight to a
point beyond the terminus of the company's road.

2. —— EVIDENCE.—The authority of a local freight agent to contract
to carry freight beyond the company's line must either be shown
specially, or be implied from former conduct or course of dealing.

3. —— CONTRACTS.—Evidence of a prior oral contract is inadmissible
where the written contract purports to cover the entire agreement

APPEAL from the Webster County Circuit Court,
W. J. WALLACE, Judge.

*Reversed and remanded.*

JOHN O'DAY and E. D. KENNA, for the appellant:
Evidence is not admissible to prove a parol agreement,
entered into either before or at the time of the signing
and delivery of a written contract, which will contradict
the terms thereof. *Railroad Co. v. Cleery*, 77 Mo. 634;
*Long v. Railroad Co.*, 50 N. Y. 76; *Belger v. Dinsmore*,
51 N. Y. 166; *Collender v. Dinsmore*, 55 N. Y. 200;
*Hinckley v. Railroad Co.*, 56 N. Y. 429. Neither the
local station agent at Springfield nor at Strafford had any
express or implied authority to make such a contract.
No one was authorized to do so but the defendant's
general agent. *Railroad Co. v. Railroad Co.*, 70 Mo.
675; *Burroughs v. Railroad Co.*, 100 Mass. 26; *Burtis
v. Railroad Co.*, 24 N. Y. 274; *Wait v. Railroad Co.*, 5
Lans. 477.

DICKEY & FYAN, for the respondents.

ROMBAUER, J., delivered the opinion of the court.
At the date of the grievances complained of, the defend-

ant operated a railway running through Springfield and Strafford, in Missouri, and Cherryvale, Kansas. J. W. Hall was its station agent in Springfield, and W. S. Melton at Strafford.

The plaintiffs, being about to ship some live stock, applied to agent Hall for a contract of through freight from Strafford, Missouri, to Harper, Kansas.

Harper lay beyond Cherryvale, and was not on the defendant's railway, but on the Southern Kansas Railway, which intersected the defendant's road at Cherryvale.

The plaintiffs claim that the live stock was shipped, under a contract with the defendant, (partly oral, made with agent Hall, and partly written, made with agent Melton,) whereby, the defendant agreed, in consideration of fifty dollars per car, or three hundred dollars per six cars, to transport six cars loaded with the plaintiffs' live stock, from Strafford to Harper, and also to furnish free transportation for six men in charge of the stock between these two points.

The defendant claims that the stock was shipped under a written contract, made with agent Melton, which contract is filed with the answer, and by which the defendant agreed to transport six car loads of stock, and six men in charge of it, from Strafford to Cherryvale, for a consideration of twenty-five dollars per car, or one hundred and fifty dollars for six cars.

The plaintiffs in their petition charge several breaches of the contract, which seem to have been treated by the trial court as several independent causes of action. They aver that the Southern Kansas Railway Company did not allow free transportation to more than two men in charge of the stock, and exacted $17.84 fare from Cherryvale to Harper, for four of the men. Also, that the same company exacted from the plaintiffs twenty-five dollars a car, or one hundred and fifty dollars altogether, freight money, before it would deliver the stock to the plaintiffs at Harper. Also, that in consequence of the delay caused by this breach at Harper, the

plaintiffs incurred extra expense in feeding the stock, and suffered damages by death and deterioration in condition and value of part of the stock, amounting to three hundred dollars additional.

It is conceded by the testimony, that when one of the plaintiffs signed the written contract of transportation from Strafford to Cherryvale, he did pay to agent Melton the sum of three hundred dollars. That one hundred and fifty dollars of this amount was in full payment for freight and transportation of six car loads and six men, from Strafford to Cherryvale, and the residue advance freight paid from Cherryvale to Harper, which advance freight the defendant collected for, and paid over to, the Southern Kansas Railway Company.

The jury, under the instructions of the court, found for the plaintiffs, and assessed their damages at $167.84, being the exact amount paid in cash by the plaintiffs, for freight and for fare for four men, from Cherryvale to Harper, to the Southern Kansas Railway Company. From this judgment the defendant appeals.

A very full and elaborate brief is filed by the appellant, discussing in detail the errors claimed to have been committed in the trial of the cause. We shall notice only such of these as we deem essential for a just disposition of the cause.

The first error complained of is, that the petition states no cause of action.

The defendant interposed a demurrer to the evidence on that ground, and also moved in arrest of judgment, both ineffectually.

The petition is inartificially drawn, but it does state in intelligible terms a contract of transportation between the plaintiffs and the defendant, a performance of the contract by the plaintiff, and a breach by the defendant, to the plaintiffs' damage in the sum of $167.84.

The breach is not well and clearly stated, and the petition ought to have been reformed, if the plaintiffs would have moved to make it more definite and certain.

The rule announced by the supreme court and this

court, repeatedly, that although a petition be defective, yet if it contains sufficient to include by general intendment facts essential to the plaintiffs' recovery, it will be held sufficient after verdict, particularly when it appears that the defendant was neither surprised nor misled, is a just rule. *Jones v. Louderman*, 39 Mo. 287; *Hay v. Short*, 49 Mo. 139; *Bowie v. Kansas City*, 51 Mo. 454; *Berthold v. Clay Fire Ins. Co.*, 2. Mo. App. 311.

Applying it to this case, we must hold the petition sufficient after verdict. That the defendant was fully advised as to the nature of the plaintiffs' complaint, appears from its answer, and from the plaintiffs' and the defendant's testimony alike.

The ruling of the court in admitting illegal testimony, and giving erroneous instructions to the jury are next complained of. These complaints are well founded.

The court admitted evidence of an oral contract between the plaintiffs and the defendant's local freight agent Hall, although the contract of transportation, covered in part transportation over a line other than that of the defendant.

That a local freight agent has no power to bind his company by such a contract, unless such authority has been expressly conferred upon him by the company, or can be implied from his previous acts and conduct, has been decided in *Grover & Baker Sewing Machine Company v. Railroad* (70 Mo. 672.)

Here neither authority nor previous dealing from which it could be inferred, was shown. Yet the court admitted the testimony as to what the contract was, and instructed the jury on the basis of such testimony, committing error in both.

It has also been decided that where such contracts are in writing, and purport to cover the entire transaction, evidence as to the terms of a prior oral contract is inadmissible. *Railroad Co. v. Cleary*, 77 Mo. 634. The court, therefore, in admitting this evidence, violated another and further rule.

The action of the court in admitting testimony as to

the whereabouts of the two deposing witnesses, on the day when the depositions were taken, was likewise unwarranted. No motion to suppress the depositions had been made, and in fact the depositions had already been read without objection.

For the errors above mentioned the judgment must be reversed. As there is no conflict in the testimony but that the defendant in addition to the freight due to itself did receive one hundred and fifty dollars as advance freight for the Southern Kansas Railway, we would make judgment here for the plaintiffs for that sum, were it clear upon the testimony that one hundred and fifty dollars was the regular freight rate on six car loads of stock, from Cherryvale to Harper.

This, however, does not clearly appear. Should this be shown on a re-trial of the cause, it would entitle the plaintiffs to a judgment for that amount and interest. For the recovery of any amount beyond this there is no warrant whatever in the testimony. The judgment is reversed and the cause remanded. All the judges concur.