H. A. ORR, Respondent, v. CHICAGO & ALTON RAIL-
ROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 23, 1886.

1. COMMON CARRIER — CONTRACT OF AFFREIGHTMENT — CONNECTING
   LINES.—A railroad company that receives goods for transportation
   beyond the terminus of its line can not, by contract, avoid its stat-
   utory liability for the loss of the goods through the negligence of
   the connecting carrier.

2. ———— A shipper can not recover of the receiving carrier for a loss
   occurring beyond the terminus of its line, without proving both a
   loss and a contract by the defendant to transport the goods beyond
   such terminus, where it proves that it delivered the goods in good
   order to the connecting carrier.

APPEAL from the Pike County Circuit Court, ELIJAH
ROBINSON, Judge.

*Reversed and remanded:*

MACFARLANE & TRIMBLE, for the appellant: It is
competent for a carrier to limit its common law liability,
even on its own line, in case such limitations are reason-
able. *Snyder v. Express Co.*, 63 Mo. 376 ; *Railroad v.
Brumley*, 5 Lea (Tenn.) 401. The statute only makes
the receiving carrier liable for the loss occasioned by the
negligence of the connecting carrier. The negligence is
a fact to be proved by the plaintiff by competent evi-
dence. There is no evidence in the case as to how, when,
or where the goods were lost. The burden of proof to show
the negligence is on the plaintiff in such case. *McBeath
v. Railroad*, 20 Mo. App. 445 ; *Railroad v. Kirkwood*, 45
Mich. 51. The fact that the destination, " Springfield,"
was given on the bill of lading, and that the amount of
freight to be collected was guaranteed, would be no evi-
dence of an agreement to carry through. *Knight v. Ry.*

.Co., 9 A. and E. R. R. C. 90 and note ; *Snyder v. Express Co.*, 63 Mo. 383 ; *Insurance Co. v. Railroad*, 3 ·A. .and E. R. R. C. 260.

' John W. Matson, for the respondent.

Rombauer, J., delivered the opinion of the court.

The plaintiff recovered a judgment before a justice of the peace, and in the circuit court, to which the cause was appealed, for one hundred and fifty dollars damages, alleged to be caused by the negligent execution of a con-.tract of transportation by the defendant.

The statement on which the cause was tried, charged ·that the defendant, as a common carrier of goods, un-.dertook, for a consideration, to carry the plaintiff's goods, of a stated value, from Louisiana, Missouri, to .Springfield, Missouri, and to deliver them at the last named place to J. M. Orr, consignee, and that the goods were wholly lost to the plaintiff by the defendant's negligent execution of the contract.

The plaintiff testified: "I am the plaintiff; live in Louisiana, Missouri. On the —— day of November, 1883, I delivered to the defendant a box of household ,goods, consisting of beds and bedding, and wearing apparel, which I desired shipped to Springfield, Missouri. The box had a card tacked on it marked 'Henrietta A. Orr, Springfield, Mo.' I directed the goods shipped to J. M. Orr, Springfield, Mo. My son delivered the goods to the defendant's agent at Louisiana. I did not see him myself. I got a receipt, or bill of lading, for the goods. I never received the goods again. The goods were worth one hundred and fifty dollars."

The bill of lading, issued by the defendant, as far as it affects the question under consideration, is in the fol-.lowing words:

## "CHICAGO & ALTON RAILROAD COMPANY.

" This receipt to be presented without alteration or erasure.

" LOUISIANA, Nov. 26, 1883.

" Received from H. A. Orr, the packages numbered and described as follows, in apparent good order (contents and value unknown), to be transported on the line of this road, from ———————— to———————— Station, and delivered, in like good order, to the consignee or owner, at said station last mentioned, or (if the same are to be forwarded beyond said station), to any company or carrier receiving, or which may receive freight from the said Chicago & Alton railroad company, for the purpose of transporting the same towards the place of destination of said goods or packages, and the Chicago & Alton railroad company guarantees that the rate of freight for transportation of said packages from the place of shipment shall not exceed ———————— per ————————, and charges advanced by this company.

| Marks and Consignees. | Articles. | Weight subject to correction. |
|---|---|---|
| J. M. Orr. | 1 Bx. H. H. G. | 150 lbs. |

" Prepaid $1.50.

" C. W. UPDYKE."

And this was all the testimony bearing upon the question whether the defendant had received the plaintiff's goods, under a contract to transport them to the terminus of its own line, or to a point beyond that terminus.

It was admitted that Springfield, Missouri, was not a station on the defendant's line, but on that of a railroad connecting with the defendant.

A number of questions have been argued by the appellant touching the effect and true construction of

section 598, Revised Statutes, by the provisions of which a common carrier, who receives goods for transportation beyond the terminus of its line, is made responsible for the negligence of a connecting carrier, to whom it delivers the goods.

In disposing of these questions, it will suffice to say that we have decided in *Heil v. Railroad* (16 Mo. App. 363, 368), that this law establishes a rule of public policy in regard to such contracts, and that any carrier within this state, who received the goods after the law went into effect, contracted subject to its provisions, and could not annul them by contract.

We see no reason to recede from this position. The law, however, applies to cases only, where the receiving carrier makes a contract, express or implied, to transport goods beyond the limit of its own line, and the difficulty of sustaining the judgment in this case, springs from the fact that the evidence fails to establish, in any view, a contract of through transportation, made by the defendant.

There is no authority, either express or implied, shown in the defendant's station agent at Louisiana, to make a contract of transporting goods beyond the terminus of the defendant's line. Under the authority of *Grover & Baker Sewing Machine Company v. Railroad* (70 Mo. 672), and *Turner v. Railroad* (20 Mo. App. 620), this objection is fatal of itself, when the loss occurs on a connecting line. Beyond this, however, even if the agent's authority to make such a contract were shown, there is nothing either in the plaintiff's testimony, or in the bill of lading, tending to show that the contract was actually made.

There was, however, evidence tending to show, that the defendant carried the box of goods to Kansas City, the terminus of its own line, and that it did deliver them there to the proper connecting carriers. As the evidence failed to show a valid contract of transportation beyond

that point, the court erred in refusing the defendant's second and third instructions, which raised this point clearly, and which are as follows :

"2. If the defendant carried the box of goods to Kansas City, the end of its line, and there delivered it to another railroad company to be forwarded to Springfield, and the loss of box occurred while in possession of such other railroad .company, then the verdict must be for the defendant."

"3. Under the bill of lading read in evidence, the liability of the defendant terminated on the arrival of the goods at Kansas City, and a delivery there to a connecting railroad company operating a road to Springfield, and if the goods were so carried and delivered, the verdict must be for the defendant."

It results that the judgment must be reversed and the cause remanded. All the judges concurring, it is so ordered.