L. J. PATTERSON, Respondent, v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. **Practice, Trial: INSTRUCTIONS.** The instructions given by the trial court, though the cause is tried by the court sitting as a jury, must be predicated upon hypothetical statements of the contested facts; accordingly, an absolute instruction that the plaintiff is entitled to recover is erroneous, when the facts are in dispute.

2. **Railroads: AUTHORITY OF STATION AGENT.** In the absence of evidence of greater authority, the station agent of a railway company cannot bind his company to carry goods beyond the terminus of its line.

*Appeal from the Howell Circuit Court.*—HON. W. W. EVANS, Special Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *Olden & Orr*, for appellant.

*A. H. Livingston*, for respondent.

BIGGS, J.—This is an action *ex delicto* for an alleged failure on the part of the Kansas City, Springfield & Memphis Railroad Company to transport and deliver, as it agreed and undertook to do, a lot of household goods of the alleged value of $1,800. It was averred in the petition that said railroad company received the goods at Willow Springs, a station on the line of its road in Howell county, Missouri, and contracted for a consideration then paid to ship them to Hico, Texas, and there to deliver them to the plaintiff as owner and consignee. The suit was originally instituted against the company named, but, during the pendency of the action and before the trial, the then defendant company consolidated with the Kansas

City, Fort Scott & Springfield Railroad Company, thereby forming the present defendant company which was afterwards substituted as the defendant in this action. The answer admitted that the goods mentioned were received by the Kansas City, Springfield & Memphis Railroad Company through its agent at Willow Springs, and that they were marked and receipted for as a consignment to the plaintiff at Hico, Texas, but a contract of through carriage was expressly denied. It was then averred that the company receiving the goods had no line of road extending into the state of Texas, and that its railroad crossed the St. Louis, Arkansas & Texas Railroad at the town of Jonesboro in the state of Arkansas, which last-mentioned road with its connections extended to Hico, Texas, and that the only contract of shipment entered into by the Kansas City, Springfield & Memphis Railroad Company was to transport the goods to Jonesboro, the end of its line, and there to deliver them to the St. Louis, Arkansas & Texas Railroad Company, which was done. The non-delivery of the goods to the plaintiff was also denied. The cause was submitted to the court sitting as a jury, and at the close of the evidence the court at the plaintiff's instance gave the following declaration of law: "The court declares the law to be in this case that, under the evidence and pleadings in this case, the plaintiff is entitled to recover, and the finding will be for plaintiff." There was a judgment accordingly, and the defendant has appealed.

A recovery under the plaintiff's petition and theory of the case required of him proof of a through contract of shipment from Willow Springs to Hico, Texas, and the failure to deliver the goods at the point of destination. In the answer, the receipt of the goods by the station agent at Willow Springs is admitted, and from this admission the law will *only imply* a contract of carriage to the end of the receiving company's road; and, if further transportation was necessary, that the

shipment would be safely and promptly delivered to a connecting carrier, if there was one. But this admission did not relieve the plaintiff from the burden of proving that the railroad company failed in its obligations ; that is, by failing to deliver the goods to the connecting carrier. These issues were made matters of controversy by the answer and by the evidence on the trial. Therefore the action of the court in directing a verdict for the plaintiff, who sustains the burden of proof, without finding the necessary facts in his favor to authorize it, cannot be sustained. *Cunningham v. Snow*, 82 Mo. 587 ; *Miller v. Breneke*, 83 Mo. 163 ; *Weiland y v. Lemuel*, 47 Mo. 322. When an action at law is submitted to the court, declarations of law, if given at all, must be predicated upon a hypothetical statement of the contested facts. In this way only can an appellate court be correctly advised of the theory upon which the trial court determined the case ; for without such information it would be impossible to review the action of the latter court. The present action is a good illustration of the wisdom of the rule. Under the declaration of law given by the court it cannot be determined whether the court was of the opinion that the contract of affreightment was a through one, and that the defendant failed to deliver the goods at Hico, Texas, or that the contract only called for the transportation of the goods to Jonesboro, and that the railroad company failed to deliver the goods to the connecting carrier there. For this error the judgment of the lower court must be reversed and the cause remanded.

In view of a retrial of the case we think it expedient to suggest that the plaintiff's own testimony, as to the contents of the box (which was the only testimony on that point), is not very satisfactory. It is difficult to understand how he possessed any personal knowledge of, or could testify as to the identity of, the goods that were shipped, as we gather the idea that he was in Texas when the shipment was made. It would

seem that the testimony of the plaintiff's agent at Willow Springs, who shipped the goods, or the testimony of some one else who had personal knowledge of the contents of the box, ought to be introduced, or that some additional evidence ought to be furnished tending to prove that the plaintiff had personal knowledge on the subject.

We also encounter another difficulty to which we think it proper to call attention. If the plaintiff relies on the written contract which was read in evidence by him as an undertaking by the railroad company to transport the goods to Hico, Texas, it will be necessary on a retrial to introduce some evidence tending to prove that the station agent at Willow Springs had authority, either express or implied, to bind the railroad company in such an undertaking. *Grover, etc., Sewing Machine Co. v. Railroad*, 70 Mo. 678; *White v. Railroad*, 19 Mo. App. 410; *Turner v. Railroad*, 20 Mo. App. 632; *Orr v. Railroad*, 21 Mo. App. 336. We make this suggestion on the assumption that Hico, Texas, is beyond the terminus of the defendant's line of road. *Prima facie* a station agent can only bind his company in contracts of carriage to the end of its road.

It is not necessary for us to notice the argument in the appellant's brief in respect of the application of section 598, Revised Statutes of 1879, to the contract in question. That section is only applicable to through contracts of shipment; that is, shipments beyond the end of the carrier's line. We find no evidence in the present record showing that the contract in question, if it can be construed to be a through contract to Hico, Texas, was entered into by a duly authorized agent of the railroad company. In the absence of such evidence, such contract, as a through contract of shipment, would not bind the railroad company.

With the concurrence of the other judges the judgment will be reversed and the cause remanded. It will be so ordered.