ROBERT L. FAULKNER, Respondent, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1903.

Common Carriers: POWERS OF AGENT: CARRIAGE BEYOND LINE: EVIDENCE. A freight agent, expressly forbidden to make contracts of transportation beyond his principal's line, can not bind it by so doing; and prima facie an agent can only bind his company for carriage to the end of its road; and when a shipper shows a written contract for carriage beyond the end of the road, he should show the authority of the agent to make such contract; and this may be done by direct authority, or by the principal holding itself out as a common carrier to points beyond its line.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*W. F. Evans, H. C. McDougal* and *Frank P. Sebree* for appellant.

(1) It is well settled in this State that a shipper can not hold a railroad company on a contract made with its local station agent for a shipment beyond the company's line, unless it is shown that the local agent was authorized by the company to make such a contract, or that the course of business had been that the agent had previously made contracts of that character which the company had accepted and acted upon, neither of which facts was shown in this case. Grover v. Railroad, 70 Mo. 672; Turner v. Railroad, 20 Mo. App. 632; Burroughs v. Railroad, 100 Mass. 26; Crouch v. Railroad, 42 Mo. App. 248; Patterson v. Railroad, 47 Mo. App. 570; Minter Bros. v. Railroad, 56 Mo. App. 282. (2) The contract, and defendant's undertaking thereunder, was to carry the cattle from Altamont to Bowie, and

expressly provides that defendant should not be liable for any loss or damage, or delay in transportation by a connecting carrier, and the only negligence complained of being the delay at Bowie, which was the delay of the connecting carrier, and not that of the defendant, there was no case against the defendant. Bank v. Railroad, 72 Mo. App. 82; Minter Bros. v. Railroad, 56 Mo. App. 282; Glass Company v. Railroad, 44 Mo. App. 416; Hill v. Railroad, 46 Mo. App. 517; Grain Company v. Railroad, 138 Mo. 658.

*J. T. DeVorss* and *Hamilton & Dudley* for respondent.

(1) A carrier can not contract for a through shipment to a point beyond its own line and at the same time exempt itself from liability for the negligence of the connecting carrier which completes the transportation. R. S. 1899, sec. 5222; McCann v. Eddy, 133 Mo. 59; Orr v. Railroad, 21 Mo. App. 333. (2) The evidence showing the former dealing between plaintiff and defendant was more than sufficient to show that the shipper might reasonably infer that the company held itself out as a common carrier between said points, and if the company received said stock for shipment beyond its own line it is prima facie evidence of a contract to carry such property to the place of destination and the court erred in refusing to submit the issue to the jury and did not err in granting plaintiff a new trial. Machine Co. v. Railroad, 70 Mo. 672; McCann v. Eddy, 133 Mo. 59; Hance v. Railroad, 56 Mo. App. 476; Dimmitt v. Railroad, 103 Mo. 433. (3) The court also erred in taking said cause from the jury for the reason that the petition alleges and the evidence shows that the injury to said cattle was caused by the negligence of defendant at Bowie while on the line of its road and in its possession. Where plaintiff avers and proves enough to make out his case, he will not be precluded from a recovery because he alleges more than is nec-

essary to be proven in order to entitle him to a verdict. Radcliffe v. Railroad, 90 Mo. 127; Gannon v. Gas Co., 145 Mo. 502; Hardpence v. Rodgers, 143 Mo. 632; Knox Co. v. Goggin, 105 Mo. 182; Sanders v. Bond, 47 Mo. App. 363; Pattison's Code Pleading, 163, par. 278.

SMITH, P. J.—The plaintiff shipped from Altamont, a station on the line of defendant's railway in this State, a carload of Hereford cattle, the destination of which was Childress, by the way of Bowie, another station on that part of defendant's said railway line which extends into the State of Texas. Childress is a station on the Fort Worth & Denver railway, 160 miles west of Bowie, the station where the latter railway intersects the defendant's line. The cattle arrived at Bowie in a reasonably good condition, but were delayed there for something like nineteen hours before the Fort Worth & Denver railway would receive or haul them.

During the delay the cattle remained in the car of the defendant, as it had no pens or other facilities there for taking care of northern cattle when unloaded from its cars for the purpose of being fed, watered and rested. The cattle in such circumstances were very indifferently cared for, and as a consequence thereof it is claimed they were very much injured, one or two of them dying after their arrival at destination. This action was brought against the defendant, the receiving carrier, for the damages that resulted from the injury. There was a trial by a jury and at the conclusion of all the evidence, the court, by an instruction, declared that upon the pleadings and evidence, the plaintiff was not entitled to recover, stating at the time, as appears from the record, that the reason for so doing was that the plaintiff had adduced no evidence tending to prove that the defendant's station agent at Altamont was authorized to enter into a contract from that station to Childress, in the State of Texas. The verdict was returned for the defendant.

The evidence was conflicting as respects the terms of the contract of shipment entered into between the plaintiff and defendant, but the plaintiff's evidence abundantly shows that the contract in express terms provided for the shipment from Altamont to Childress, in the State of Texas, a station on the Fort Worth & Denver railroad and not on the line of defendant's railway. It was ample to carry the case to the jury on that issue. It was decided in Grover v. Railroad, 70 Mo. 672, that a freight agent of a railroad company, who was not only unauthorized, but expressly forbidden, to make a contract for the transportation of freight beyond its line, could not bind it by doing so. Prima facie a station agent can only bind the company in contracts of carriage to the end of its road. When a written contract, entered into by a station agent of a railway company for the carriage of property to a point beyond the end of the line of such company, is relied on, it is necessary to adduce some evidence tending to prove that the agent had authority, express or implied, to enter into the contract before it will bind the company. Grover v. Railroad, ante; Baker v. Railroad, 91 Mo. 152; Patterson v. Railroad, 47 Mo. App. 570; Minter v. Railroad, 56 Mo. App. 282; White v. Railroad, 19 Mo. App. 410; Turner v. Railroad, 20 Mo. App. 632; Orr v. Railroad, 21 Mo. App. 336.

There may be facts from which the authority of the agent to bind the carrier in contracts for carriage beyond the end of the line of its road may be inferred, as for instance, from the holding of itself out as a common carrier to a point beyond the end of its line, or, from the previous dealings between the shipper and the carrier and the like. In the present case, the plaintiff had contracted with defendant's station agent for numerous shipments of cattle to points in Texas, not on defendant's line, but on other lines of railway connecting with it in that State. These contracts, it appears, had, without exception, been carried out by the defendant.

It appears that the plaintiff was not apprised of the fact that the defendant's station agents were forbidden to enter into contracts for carriage beyond the end of its lines of road. The evidence of the previous dealings between the plaintiff and defendant in respect to the shipments, made over the lines of the latter to points on the lines of other railways connecting with it, under contracts entered into by its station agents with the latter, we must think, was sufficient to carry the case to the jury upon the issue of the agent's authority to enter into the contract in the present case.

It results that the court did not err in its action setting aside the verdict and granting a new trial, and accordingly the judgment will be affirmed. All concur.