ARLINGTON SILVER, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 20, 1907.

1. **RAILROADS: Station Agent's Authority: Hiring Mail Carrier: Evidence.** There is nothing in the office of a station agent which implies authority to hire other agents to carry the mail between the station and the post office, and such authority should be shown by evidence if it exists.

2. ———: **Accepting Services: Quantum Meruit.** In permitting and accepting continued valuable services, such as carrying the

mail from the station to the post office and back, a railroad must be presumed to have promised to pay the reasonable value therefor, though no express employment is shown to have existed or any amount agreed upon.

Appeal from Pettis Circuit Court.—*Hon. Francis Hoffmann,* Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for appellant.

(1) The court erred in refusing to give the defendant's instructions number five, six and nine. Number five declared that a station agent did not have authority by virtue of his position, to employ any one to render the services for which plaintiff sued, in the absence of express authority from some superior officer conferring upon the agent such power. Number six declared that if it was found from the evidence that the agent at Windsor had joined the strike and terminated his employment with defendant company, that he did not thereafter have any authority or power to employ any one or bind the defendant and that if the plaintiff knew that such agent had joined the strike, then he had no right to rely on any action or authority of or from the station agent thereafter. Number nine declared that if it was found that Maguire went on a strike and thereafter asked the postmaster to get plaintiff to take care of certain mails; then the jury should find that the postmaster was without authority to employ plaintiff. These instructions were clearly the law, and should have been given.

*Jesse L. England* and *Geo. W. Anamosa* for respondent.

(1) If a man, without right assumes to act for another, the act will be attributed to, and affect the person represented if he acquiesces in and adopts it; and this, whether the actor was devoid of any authority,

or went beyond his authority. Hackett v. Van Frank, 105 Mo. App., l. c. 394. (2) Where an agent acts beyond the scope of his authority the principal he assumes to represent will be bound when the person dealt with had the right, in view of all the facts known to him, to believe he was dealing with an actual agent about a matter within the scope of the latter's authority, did believe it and rely on it. Hackett v. Van Frank, 105 Mo. App. 396; Heffernan v. Boettler, — Mo. App. 317; Walsh v. Insurance Co., 73 N. Y. 1. (3) When an agent is put forward as a general agent so that others are justified in the belief that his powers are general, restrictions privately imposed will be immaterial and have no effect on the rights and remedies of third persons who have no knowledge of the restrictions or limitations upon his apparent authority. Baker v. Railroad, 91 Mo. 152; Sharp v. Knox, 48 Mo. App. 169; Porter v. Woods, 138 Mo. 551. (4) A principal can not accept and appropriate the fruits and benefits of a contract made by his agent, and then deny the authority of the agent to bind him by such an agreement. Dry Goods Co. v. Blue Mound, 81 Mo. App. 46.

ELLISON, J.— The plaintiff brought this action before a justice of the peace on the following statement of account:

"Missouri, Kansas & Texas Ry. Co., a corporation,
         To Arlington Silver,                          Dr.
For labor done in caring for mails from trains numbers 5 and 6, at Windsor, Mo., from August 1, 1904, to January 18, 1905.                          $175.00."

On appeal to the circuit court plaintiff had judgment.

There was evidence tending to prove that defendant was taking care of the United States mails which it brought in and took out of the town of Windsor on its night trains, that town being a station on its line of

railway. It had a man to receive the mail from the post-office for the train and receive the mail from the train for the post-office. It does not clearly appear, but it is probable that this man was one of the night tele- graph operators. Defendant had the usual employee at Windsor, known as a station agent, and he was also in charge of the telegraph office in his office in the station building. There was a strike of telegraph operators on the first of August, 1904, and this agent quit defendant's service on that day at four o'clock as he himself testified; though plaintiff does not concede that he quit at that time. Later than that hour he requested the postmaster to engage some one to care for the mail, going out and coming in at night as just stated. The latter engaged the plaintiff and he performed that service until the following January, a period of near six months.

If we concede that the station agent had not yet quit defendant's service when he requested the postmaster to engage some one to care for the mail, yet there was no authority shown from the defendant to such agent to make such employment. Proof that he was station agent is not proof of such authority, for we cannot know, in the absence of evidence, that a station agent has authority to hire other agents to carry the mail between the railway station and the post-office. There is nothing in the office or employment of a station agent which would imply such authority, or which would justify any one in believing that he possessed it. For this reason the case of Baker v. Railroad, 91 Mo. 152, cited by plaintiff, finds no application. On the other hand, the case of Grover & Baker Sewing M. Co. v. Railroad, 70 Mo. 672, supports the view we have announced. It follows that the instruction for plaintiff should not have been given, and those refused for defendant should have been given, except its demurrer to the evidence.

We think the demurrer was properly refused from the fact that the evidence tends to prove that plaintiff performed the service for defendant for near six months. If the service was performed for defendant under circumstances and conditions which showed that defendant must have known the service was for it and not another, it would be liable. For in permitting and accepting continuous valuable service such as was performed by plaintiff, it must be presumed there was a promise to pay for its reasonable value, even though no express employment is shown, or any amount agreed upon in payment therefor.

The judgment will be reversed and the cause remanded. All concur.