JOSEPH HEIL ET AL., Respondents, *v.* ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

16  363
34  112
35   85
16  363
44  247
44  419
16  363
46  521

### January 20, 1885.

1. COMMON CARRIERS — DAMAGES — TORTS — ACTIONS EX DELICTO. — An action against a common carrier for damages to goods while in transit, in which no contract of affreightment is set up in the petition, is an action *ex delicto*.

2. —— PRACTICE — TAKING CASE FROM THE JURY. — Although in such action it is shown on the trial that the carrier issued to the shipper a bill of lading embodying a limitation of the carrier's common-law liablity, that does not authorize the court in taking the case from the jury.

3. —— LIMITATION OF LIABILITY BY CONTRACT. — The statutory liability of a common carrier for damages to goods by the negligence of connecting carriers, can not be evaded by issuing a bill of lading expressing an exemption from such liability.

4. —— MEASURE OF DAMAGES. — A stipulation in a bill of lading that the cost of the property at the point of shipment shall govern in the case of loss, does not refer to damage or deterioration while in transit.

5. —— The measure of damages for injury to goods while in transit is the difference between the reasonable market value of the goods at the point of destination at the date when they should have arrived and their real value in their damaged condition.

6. —— BURDEN OF PROOF. — In an action against a common carrier on his common-law liability for damage to goods in transit, where the carrier sets up a special contract limiting his liability, and proves that the loss occurred by reason of a peril excepted in such contract, the burden of proving the supervening negligence of the carrier, rests with the plaintiff.

7. —— INSTRUCTIONS. — A judgment will not be reversed because of the giving of an erroneous instruction as to the measure of damages, where there is no conflict in the testimony as to the elements of damages, and the amount of damages is a mere matter of calculation as to which the jury have not erred.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

H. G. HERBEL, and BENNETT PIKE, for the appellant. D. C. HORNSBY, for the respondent.

ROMBAUER, J., delivered opinion of the court.

This is an action to recover damages occasioned to plaintiffs by defendant's negligence.

Plaintiffs averred in their petition that defendant was a common carrier of goods between the city of St. Louis, Missouri, and the city of Galveston, Texas.    That on the 23d day of December, 1879, they delivered to defendant certain packages of apples, potatoes, and onions of the value of $701.81 which defendant as such carrier undertook to convey to Galveston, and deliver to plaintiffs' consignee.    That by reason of defendant's negligence, delay, and want of proper care the goods were damaged on their delivery to the consignee to the amount of $514.96 for which amount plaintiffs ask judgment.

Defendant's answer admits the receipt of the goods, but claims that they were received under a special contract of transportation, by the terms of which they were to be conveyed by defendant to Texarkana, Arkansas, the terminal station of defendant's road, and were thence to be forwarded by defendant to plaintiffs' consignee in Galveston. Defendant claims that it had performed said contract.

Defendant's answer further claims that by said special contract plaintiff stipulated:    To release defendant from damages caused by delays or change of weather.    Not to hold it liable for any damage occurring on any other connecting railroad, and that in the event of the loss of the property the cost of the same at the point of shipment should govern the settlement.

Defendant claims that the damages were caused by an excessive change in the temperature while the goods were in transit.

To this answer plaintiffs replied by a general denial.

On the trial plaintiffs gave evidence tending to show that they delivered the articles in question in good sound condition to defendant in St. Louis, Missouri, on the 23d day of December, 1879, and that their consignee was notified

of their arrival in Galveston, Texas, on the 5th day of January, 1880. That upon examination then made by the consignee it was found that the articles had been injured by frost. That the goods were properly packed in the cars by the shippers in St. Louis, with safeguards against frost, and could have been transported as packed in the then state of the weather, without any injury.

Plaintiffs also gave evidence tending to show that the cause of the injury was the displacement of the protection against frost, after the delivery of the goods to defendant, and before their delivery to plaintiffs' consignee.

Upon cross-examination of one of the plaintiff's witnesses it appeared that the goods were shipped under a bill of lading, delivered to plaintiffs at date of shipment, — but not signed by them.

There was testimony offered by plaintiffs tending to show the value of the goods at Galveston, in the condition in which they arrived, and also of the market value, at that time and place of such goods in a sound condition, but no evidence was offered by them tending to show, on what part of the route the alleged negligence in handling the goods occurred nor any evidence tending to show any unreasonable delay in the transportation of the goods from St. Louis to Galveston.

At the close of plaintiffs case the defendant demurred to the evidence by instruction, which the court refused.

The defendant thereupon introduced testimony tending to show the cost of the goods in St. Louis at the date of their shipment, the distance and direction of the route from St. Louis to Galveston, and the time ordinarily required for transporting freight that distance, which was from eight to ten days. Defendant also read in evidence the bill of lading issued to plaintiffs, which contains the conditions and exceptions, relied upon as a special contract in defendant's answer.

This being all the evidence the court, on plaintiffs request, instructed the jury in substance to the following effect : —

That the burden of proof was on defendant to show that the damages were caused by one of the causes excepted in its undertaking, and that the exceptions named were the proximate and sole cause of the loss, and that the damages were not occasioned by want of care, skill, or diligence on part of its employees, and that if the jury found that the goods were damaged by reason of the carelessness, delay, and negligence of the defendant in delivering them to the next carrier at the terminus of defendant's road, then the jury should find for plaintiffs.

Also that, "If the jury find for plaintiffs, the measure of damages is the market value at Galveston, at the time and in the condition, in which they ought to have been delivered, and the amount for which the goods were sold."

The court refused to instruct the jury, on defendant's request, that the burden was upon plaintiffs to show that the damages were caused by negligence of defendant or its employees, while the goods were in transit over defendant's road. And also refused to instruct the jury, that plaintiffs were limited in their recovery to the reasonable market value of the goods in St. Louis at the date of their shipment, less what they sold for in Galveston, and less freight, paid with interest on balance at the rate of six per cent per annum.

There was a verdict for plaintiff for $424.20, which by *remittitur* was reduced to $353.

The errors complained of are. That the court refused to sustain defendant's demurrer to the evidence at the close of plaintiffs' case. That the court misinstructed the jury as to the burden of proof on the question of negligence. That the court misinstructed the jury on the question of damages, and that the damages are excessive.

The demurrer to the evidence was properly overruled. The action is not one *ex contractu.* If it were, the plaintiffs would have been required to set out the special contract in their petition. *Clark* v. *Railway Co.,* 64 Mo. 446. The plaintiffs in their petition set out the facts out of which defendant's legal obligation arises, the obligation, the breach of it, and the damages resulting from the breach, making it a sufficient declaration in an action on the case founded in tort. *Burnett* v. *Lynch,* 5 B. & C. 609. This point was so ruled in *Clark* v. *Railway Co.* (*supra*), where a special contract executed formally by both shipper and carrier was interposed to defeat plaintiff's recovery, and where the court held that the action was based upon the common-law responsibility of the carrier for negligence, from which no special contract could relieve him. That his liability did not arise from a special contract but in despite of it. That it was not based upon contract express or implied, but upon neglect of a public duty.

The cases decided by the supreme court of Indiana, cited by appellant's counsel, militate against this position, but must yield to the controlling authority of our own court.

Defendant's fifth and sixth instructions were properly refused.

The fifth instruction limits defendant's liability, to damage caused by its own negligence, occurring while the goods were in its possession, and in transit over its own road between St. Louis and Texarkana, and the sixth limits plaintiff's damages to the reasonable market value of the goods in St. Louis at the date of shipment, less the amount they sold for at Galveston, and less freight paid, with interest on the balance. Both these instructions lay down incorrect propositions of law.

The defendant in this case, if under the testimony liable for negligence at all, was liable as well for its own negligence, as for the negligence of any other common carrier, to whom such property was to be delivered or over whose

line the property was to pass. The bill of lading shows that the property was consigned to I. S. Mitchell & Co., at Galveston, Texas, and guarantees the rates of freight to Galveston. There can be no question under the testimony that both parties to the contract fully understood, that the goods were to be shipped to Galveston, and not to Texarkana, as a terminal point, and the contract expressly provides that the special exceptions from liability contained in it, shall enure to the benefit of all other carriers to whom the goods might be delivered by defendant, at the terminal point of its own railroad.

On the 11th of June, 1879, the legislature passed an act fixing the liability of common carriers, receiving property for transportation, which act was in force when this contract was entered into, and which provides among other things : —

" Whenever any property is received by a common carrier to be transferred from one place to another, within or without this State, or when a railroad or other transportation company issues receipts or bills of lading in this state, the common carrier, railroad, or transportation company issuing such bill of lading shall be liable for any loss, damage, or injury to such property, caused by its negligence, or the negligence of any other common carrier, railroad, or transportation company, to which such property may be delivered or over whose line such property may pass." Rev. Stats. 1879, sect. 598.

This law established a rule of public policy in regard to such contracts, and the carrier who received the goods, or issued a bill of lading, after the law went into effect, contracted subject to its provisions, and could not at pleasure avoid the liability thus imposed upon him, by the easy process of giving a special receipt.

Defendant's sixth instruction is equally faulty. The measure of damages, fixed by the bill of lading, is confined to the " loss of property," and does not cover damages re-

sulting from its injury. This distinction is established by authority (*Baltimore, etc., R. Co.* v. *McWhinney* 36 Ind. 440; Lawson on Contracts of Carriers, sect. 186), and its reason, outside of the fact that all such clauses are strictly construed against the carrier, is obvious. On what possible theory defendant could claim that the freight which had already been paid, should be deducted even from the market value of the goods in St. Louis, is not conceivable.

The measure of plaintiffs' damages in this case, if they are entitled to recover, is the reasonable market value of the goods in the city of Galveston, less the amount which such goods were reasonably worth then and there in their damaged condition, with interest upon the balance from that date at the rate of six per cent per annum. Freight had already been paid, and could not again be deducted. 59 Mo. 361.

The instruction of the court, touching the measure of damages, given at the instance of plaintiffs is clearly wrong. The verdict, however, is not necessarily erroneous on that account, as the testimony upon which damages were to be computed stands uncontradicted. Where there is no controversy as to the facts the judgment is a mere conclusion of law. There was no controversy of fact here as to the elements composing plaintiffs' damages, and this court could by a simple process of computation determine whether the damages awarded are excessive or not.

There is, however, a serious obstacle to the affirmance of this judgment. The bill of lading, claimed by defendant as a special contract, was read in evidence without objection, defendant's assent to its terms as far as such terms are legally valid, must, therefore, be presumed. That contract excepts a number of perils, and both parties recognize in their instructions the fact that, as to such perils, the liability of defendant is limited. Plaintiffs claim that although the loss occurred by one of the excepted perils, yet if the de-

fendant's negligence supervened in causing the loss or injury, defendant is liable. This is correct. But plaintiffs further claim, and the fourth instruction given on their behalf asserts, that the burden of proof is upon defendant to establish not only that the loss or injury occurred by one of the excepted perils, but also that it did not occur by defendant's negligence. This is not the law.

The law in this State is settled in conformity with the better authority in other States, that the shipper may sue the carrier on his liability for negligence, in an action on the case, although there is a special written contract of transportation; that in such action the carrier may set up the special contract, and show that the loss or injury occurred by reason of some peril excepted in the contract. Having shown this he is *prima facie* exempt. If the shipper then claims that the exception does not protect the carrier, because his negligence supervened and aided in causing the loss, the burden of proving such negligence is upon him and not upon the carrier. — *Wolf* v. *The American Express Co.*, 43 Mo. 425, 426; *Read* v. *St. Louis, etc., R. Co.*, 60 Mo. 206.

The court, therefore, committed error in giving plaintiffs' fourth instruction, and as that error, under the facts of the case, was prejudicial to defendant the judgment is reversed and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.