W. L. WISDOM, Respondent, v. THE WABASH, ST. LOUIS AND PACIFIC RAILWAY Co., Appellant.

Kansas City Court of Appeals, November 9, 1885.

PRACTICE — PLEADING — AVERMENTS OF INCORPORATION — VIOLATION OF CITY ORDINANCES.—An action which is based solely on the failure to meet the requirements of the ordinances of an incorporated city ; but which omits to plead or aver anything whatever as to the charter of said city, unless the charter is declared to be a public act, cannot be maintained. *Apitz v. Ry. Co.*, 17 Mo. App. 419 ; *City of Hopkins v. Ry. Co.*, 79 Mo. 98.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

GEORGE S. GROVER, for the appellant.

I.   The ordinance was properly pleaded, but there was no averment that the city was incorporated, or that it had authority to pass such ordinance ; nor was such charter referred to in the petition by its title and the day of its passage.   Therefore, the petition did not state a cause of action.   Sect. 3549, Rev. Stat.; *Inhabitants of Butler v. Robinson*, 75 Mo. 194; *Apitz v. Ry. Co.*, 17 Mo. App. 419.

II.   The court admitted incompetent testimony. The charter of the city of Macon was approved March 28, 1872.   Sess. Acts 1872, 436.   It is a private act, and should have been pleaded as well as proved.   (Cases above).   The plaintiff was allowed to recover on a cause of action not stated in his petition.   This was error sufficient for reversal.   *Waldhier v. Ry. Co.*, 71 Mo. 514; *Atchison v. Ry. Co.*, 80 Mo. 213 ; *Ellis v. Ry. Co.*, 17 Mo. App. 126.

BERRY & THOMPSON, for the respondent.

I.   The case of *Butler v. Robinson* (75 Mo. 194); is not in point here.   There, neither the ordinance nor charter was pleaded.

II.   The petition here states a common law action. It alleges carelessness and negligence in the running of cars, the result of which is the injury here complained of.   *Elliott v. R. R.*, 66 Mo. 684 ; *Schneider v. R. R.*, 75 Mo. 296 ; *Mark v. R. R.*, 77 Mo. 233 ; Thompson on Negligence, 1246.

ELLISON, J.—This action is for killing plaintiff's cow within the corporate limits of the town of Macon, which town is incorporated under a charter not declared

to be a public act. Ordinances regulating speed of trains through said town and requiring the ringing of the bell and the whistle to be sounded, were properly pleaded, but nothing whatever is stated or averred as to the charter. The action is based solely on account of defendant failing to meet the requirement of these ordinances. The following is the concluding portion of the statement : "That on said ninth day of April, 1881, defendant, by its agents, servants and employes, while running and operating its engines and cars on its said railroad within the corporate limits of the city of Macon, and at a greater rate of speed than six miles per hour, to-wit, fifteen miles an hour, and while passing with its said engine and cars over a public street crossing in said city of Macon, without ringing a bell or sounding a whistle, did carelessly and negligently, with its said engine and cars, and by reason of said unlawful speed of its said train, and its failure to ring a bell or blow a whistle within the corporate limits of said city of Macon, run against, strike and kill one milch cow, the property of plaintiff, of the value of thirty-five dollars. That by reason of defendant's failure to ring a bell or sound a whistle, and by reason of its running its said engine and cars at a greater rate of speed than six miles an hour within the corporate limits of said city of Macon, plaintiff is injured and damaged in the sum of thirty-five dollars for the killing of his milch cow as aforesaid. Wherefore plaintiff prays judgment in the sum of thirty-five dollars against defendant, for costs, and for such other relief as may be just and equitable."

Defendant first objected to the reception of any evidence, next to the introduction of the ordinances, and finally to the introduction of the charter. Each of the objections were overruled as also was a demurrer to the evidence. The case was tried on the theory that the liability was incurred by reason of violating the ordinances.

The objections to the introduction of the ordinances and the charter should have been sustained. The charter

not being a public act the court could not take judicial notice of it, and it should not have been pleaded. *Apitz v. Ry. Co.*, 17 Mo. App. 419; *Town of Butler v. Robinson*, 70 Mo. 194; *City of Hopkins v. Ry. Co.*, 79 Mo. 98.

The judgment is reversed and the cause is remanded. All concur.