H. C. SMITH, Respondent, v. F. B. YOUNG, Appellant.

St. Louis Court of Appeals, May 31, 1887.

1. SEDUCTION—DEBAUCHING—DAMAGES.—In an action by a father seeking to recover more than compensatory damages against one who has debauched his daughter, he must allege and prove that the debauching was the result of seduction.

2. ———— EVIDENCE.—It is error to permit a plaintiff, in such a case, to state the amount of the damage which he has sustained by reason of the alleged acts of the defendant.

3. —— Instructions.—An instruction, in such a case, which disregards the distinction between a case where the action is for seduction, in which the disgrace brought upon the family is an element of damage, and a case where the element of seduction is omitted and in which the damages are compensatory merely, is erroneous.

4. Evidence, Corroborative.—The admission of testimony corroborating the testimony of a witness on unimportant and immaterial points may become prejudicial error.

Appeal from the Dent County Circuit Court, C. C. Bland, Judge.

*Reversed and remanded.*

L. B. Woodside, with L. Judson, for the appellant: To constitute seduction the defendant must have used insinuating arts to overcome the opposition of the seduced, and must, by his wiles and persuasion, without force, have debauched her. 5 Wait's Actions and Defenses, 655; *Hogan v. Cregan*, 6 Robt. [N. Y.] 138; *Delvee v. Boardman*, 20 Iowa, 446; *Bell v. Rinker*, 29 Ind. 267; *Broughton v. Smart*, 59 Ill. 440. Corroborative evidence upon immaterial matters should not be permitted. *Ritter v. Bank*, 87 Mo. 574; *The State v. Brassfield*, 81 Mo. 151. If proof of seduction is necessary, in order to recover exemplary damages, the fact must be stated in the petition. Rev. Stat., sect. 3511; *Cook v. Putnam Co.*, 70 Mo. 668; *Scott v. Robards*, 67 Mo. 289; *Pier v. Heinrichoffen*, 52 Mo. 333. If there is only debauchery without seduction (which is all this petition states), the measure of damages is the actual loss of service and expenses incurred (which, under the evidence, could not exceed one hundred dollars). *Comer v. Taylor*, 82 Mo. 341.

Mitchell, Callahan & Seay, for the respondent: The petition states a good and sufficient cause for action. 2 Greenl. Evid. [2 Ed.] sect. 571, note 2; *Comer v. Taylor*, 82 Mo. 341; 1 Chitty Pleadings [14 Am. Ed.] 34. And judgment cured any defects, if any existed.

Rev. Stat., sect. 3582. Seduction is the act of a man inducing a woman to commit unlawful intercourse with him. 2 Bouv. Law Dict. [4 Ed.] 508. Seduction and debauchery are synonymous terms. 2 Burrill's Law Dict. [2 Ed.] 450. The first instruction asked by the plaintiff, and given by the court, is the law. *Morgan v. Ross*, 74 Mo. 318. The second instruction is predicated upon, and sustained by, the law of this and other states, and was applicable to the facts and issues in this case. 2 Greenl. Evid. [Redfield's Ed.] 576.; *Rossell v. Cole*, 10 Mo. 634; Sedgwick on Damages [3 Ed.] 371.

ROMBAUER, J., delivered the opinion of the court.

This is an action instituted by a father and master to recover damages for the debauching of his daughter, a girl sixteen years old. The petition states that the defendant "debauched and carnally knew said daughter, whereby she became pregnant with child, and the plaintiff, besides losing her services, and comfort of her society, was compelled to incur an expense of fifty dollars for her delivery, care, and nursing."

The answer was a general denial. A trial before a jury resulted in a verdict for the plaintiff in the sum of six hundred and fifty dollars, and the defendant appeals.

The errors assigned are, that the court admitted illegal testimony for the plaintiff, and gave erroneous instructions to the jury.

Upon the examination of the plaintiff as a witness in his own behalf, the following question was put to him : "What conversation did you have with Mr. Young about Eliza soon after she went there, about his watching over her?" This question was objected to by the defendant upon the ground of irrelevancy, and the court overruled the objection. We see no error in this. The question was proper, as seeking to elicit the relations which the defendant, the girl's temporary employer,

assumed toward her, and had some bearing upon the question of damages. That part of the answer which states that the defendant promised that the girl should be treated as a member of his family, was also clearly relevant. But, if any portion of the answer was irrelevant, the defendant should have moved the court to withdraw such portion from the jury, and could not save his objection by objecting to a question which, in itself, was unobjectionable.

This same witness was then asked what damages he had sustained to his feelings by reason of his daughter having had a child; and if he had been damaged as much as five thousand dollars, by the pain, shame, and sorrow he had experienced. The defendant objected to this question upon the ground that it was incompetent, and was making the witness assume the province of the jury. This objection was overruled, and the witness answered: "Yes, I have been damaged five thousand dollars and more; all the money in the United States treasury would not pay me—the honor of my family is beyond money value."

This ruling was clearly erroneous. Even conceding that the statements of the petition warranted an award of damages to the plaintiff's feelings, to which matter we will recur hereafter, yet it is too plain for argument that such damages could not be proved, either by the valuation of the plaintiff, or that of any other witness. There is no objection, in a proper case, to the plaintiff testifying as to his own anxiety, or mental, or bodily suffering, but there is neither any necessity nor propriety of his putting a money value upon them. The jury, from their own experience in the ordinary affairs of life, are supposed to be capable of drawing the necessary inferences from the facts appearing to guide them in the award of damages, so far as damages are affected by these considerations. *Norman v. Wells*, 17 Wend. 136; *White v. Stoner*, 18 Mo. App. 540, 548; *Kennedy v. Holladay*, 25 Mo. App. 503.

It was equally erroneous for the court to permit the plaintiff, against the defendant's objection, to give evidence of a number of independent facts having of themselves no bearing whatever on the issue to be tried; nor any necessary connection whatever with any other controlling fact sought to be established. We refer to the testimony of witnesses Tune, Gross, and Bowman, as to when and where they saw the daughter, Eliza, and what she said. This class of testimony is not admissible on any conceivable theory. The testimony of a witness can not be aided by other testimony corroborating him on immaterial and unimportant points. *Ritter v. Bank*, 87 Mo. 575, 576; *The State v. Brassfield*, 81 Mo. 151.

The competent and relevant evidence touching facts bearing upon the issues consisted on the one hand of the testimony of the plaintiff's daughter, which tended to prove that she was seduced by the defendant while a servant in his house, shortly after she came there, and had thereafter very frequent sexual intercourse with him, extending over a period of several months, resulting in her pregnancy; and, on the other hand, of the defendant's testimony, who denied that he ever had any sexual intercourse with her, and who characterized her entire evidence as a piece of fabrication.

Two instructions, asked by the defendant, were given: the first, in the shape in which it was asked, and the second, by putting in lieu of the words, "satisfied from the evidence," the words, "believe from the evidence." The defendant complains of this modification. This complaint is not tenable. The court might have given the instruction, as drawn by the defendant, with propriety (*Marshall v. Insurance Co.*, 43 Mo. 588), but in changing its phraseology to one in common use in charging juries, it exercised a discretion not subject to review. The use of the phrase, "If the jury shall believe, from the evidence," is not erroneous. *Union Savings Ass'n v. Edwards*, 47 Mo. 451.

Upon the plaintiff's request the court, among others, gave the following instruction :

"3. The court instructs the jury that if they believe, from the evidence, that the defendant induced the daughter and servant of the plaintiff to consent to have sexual intercourse with him in the year 1884 (and that, at the time, she was under eighteen years of age), whereby she became pregnant and was delivered of a child by birth, they should find for the plaintiff, and in determining the amount of damages the jury may take into consideration any anxiety, mental anguish, and pain, which they find, from the evidence, the plaintiff suffered, as well as any loss of the society and comfort of said daughter, and the dishonor he feels that has been brought upon himself and family, as well as any injury done to the feelings and affections of himself and family ; and may assess his damages at any sum commensurate with the injury, not exceeding five thousand dollars."

This instruction was erroneous. It attempts to apply the rule of damages governing cases of seduction to a case of debauching without the element of seduction. No seduction is charged in the petition ; and conceding that the jury were warranted to find seduction from the testimony, it is clear that they were equally warranted to find a mere debauching without seduction. The two offences are different, and the rule of damages in the two cases is also different. *Comer v. Taylor*, 82 Mo. 346 ; *Bell v. Rinker*, 29 Ind. 267 ; *Delvee v. Boardman*, 20 Iowa, 446. The instruction is not subject to the additional criticism put upon it by the defendant's counsel, that it mentions the disgrace to the plaintiff's family as an element of damages. The *dictum* of Commissioner Philips, in *Comer v. Taylor*, that "the family are not parties to the suit," was appropriate enough in that case, where the instruction spoke of the "wounded pride of the whole family," but can not be held to mean that the disgrace, if any, brought upon the plaintiff's

family, is not a legitimate element of damages if the case is a proper one for exemplary damages. That this is a legitimate element of damage, in such cases, has been uniformly decided in other jurisdictions, and, also, by our own supreme court, in *Morgan v. Ross* (74 Mo. 322, 323).

In view of a re-trial of the cause we will suggest that the disgrace actually brought on the family is the element of damages, and not what the plaintiff "feels" on that subject, and that this instruction, should it be offered again, be modified in that respect, as well as by changing the word "induced" to "seduced," which latter word need not be defined in the plaintiff's instructions.

We will, also, suggest that if the plaintiff seeks to recover damages for the seduction of his daughter, it will be necessary for him to aver the seduction in his petition, and that if he so elects he have leave to amend his petition in that regard.

For the errors hereinabove pointed out, the judgment will be reversed and the cause remanded. It is so ordered. Judge Thompson concurs; Judge Lewis is absent.