WILLIAM H. BAKER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1889.

1. **Practice, Trial:** PRAYER FOR RELIEF. In an action at law, it is not essential that the testimony shall be exactly adapted to the relief prayed for. The court may grant any relief consistent with the case made by the evidence and embraced within the issues.

Baker v. The Mo. Pac. Ry. Co.

2.  **Contract**: TRANSPORTATION : NOTICE. A stipulation in a transportation contract that the shipper shall give notice of any claim for damages before the property conveyed is removed from the place of its destination, has no application to such a removal by the carrier, but covers only a removal by the shipper or owner.

3.  **Practice, Appellate** : FORMER DECISION. The rule that a former decision in the same case, by the same appellate court, is conclusive of the law on a subsequent hearing thereof, cannot be applied when there is nothing in the record to show that the controversies are identical.

4.  **Contract**: TRANSPORTATION : CONNECTING LINE. A stipulation that the contracting carrier shall not be responsible for the negligence of a connecting carrier on the line of transportation is void, as against public policy and contrary to the statute, and cannot be enforced in favor of the contracting carrier.

5.  **Amendment**: STATUTE OF LIMITATIONS. Where an amended petition sets up no new matter or claim, but is a mere variation of the allegations of a demand already in issue, the amendment relates to the commencement of the suit, and the statute of limitations is arrested at that point. But where the amendment introduces a new claim, not before asserted, this is equivalent to a new suit, and the period of limitation must be computed from the filing of the amendment. This distinction is properly applied in a case where the original petition claims only the damages actually sustained from a breach of contract, and the amended petition demands, instead thereof, the liquidated damages provided for by the contract.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED, ( *nisi.* )

*W. A. Martin*, for the appellant.

The court erred in permitting evidence to be introduced on the petition. It does not state facts to constitute a cause of action. If the contract limits him to stipulated damages, he must recover on that or not at all, but from the petition it cannot be discerned what proportion to the whole value, the damage to any or all the sheep bore. R. S. 1879, sec. 3511. *Scott v. Robards,*

67 Mo. 289; *Bankston v. Farris*, 26 Mo. 176. Plaintiff shows by his own testimony that he did not give the written notice of his damages as he agreed to do by his contract; admits that he could have given it, but did not try to do so, and defendant's instruction in the form of a demurrer to evidence should have been given. Rorer on Railroads, p. 1299, sec. 27, entitled "Railroad Companies not Common Carriers of Live Stock." Also, pp. 1300, 1303, 1309 and 1310; *Ketchum v. Express Co.*, 52 Mo. 390; *Levering v. Ins. Co.*, 42 Mo. 89; *Reed v. Railroad*, 60 Mo. 199; *Express Co. v. Caldwell*, 21 Wall. 264; *Rice v. Railroad*, 63 Mo. 314; *Dawson v. Railroad*, 76 Mo. 514; *Railroad v. Cleary*, 77 Mo. 634; 2 Parsons on Contracts [5 Ed.] 522, 523, 679 and 680. The injury happened after the sheep left defendant's road. By the terms of the special contract plaintiff agreed that defendant should not be held as a common carrier, but as a private carrier for hire and should not be liable for any damage after the sheep left its road, and defendant's instruction number 2 should have been given. This contract is different from the receipt passed on in *Heil v. Railroad*, 16 Mo. App. 363, one is goods, the other live stock, and a receipt not signed by plaintiff, the other a contract under seal signed by plaintiff. Rorer on Railroads, 1299, 1310; *Levering v. Ins. Co.*, 42 Mo. 88; *Oxley v. Railroad*, 65 Mo. 629; *Cramer v. Express Co.*, 56 Mo. 524; *Green v. Railroad*, 82 Mo. 653. The amended petition if intended to be an action on the contract for stipulated damages is a change of the cause of action equivalent to a new suit on a different cause of action, and having been filed more than five years after the happening of the injury it is barred by the statute of limitations. R. S., secs. 3230, 3567; *Daudt v. Macheus*, 13 Mo. App. 592; *Lumpkins v. Collier*, 69 Mo. 170; *Scoville v. Glasner*, 79 Mo. 449; *Lotterman v. Barnett*, 62 Mo. 159; *Gibbons v. Steamboat*, 40 Mo. 254. The damages assessed by the jury are

excessive. Plaintiff shows by his evidence that his sheep would have sold for thirty-five dollars per head if no damage had happened, making total value of $2,415. He realized on sale $1,295 after injury, and the jury gave $1,800, making total of $3,095, or over six hundred dollars more than he shows his damage to be. In plaintiff's petition he only asks for judgment for his actual damages, makes no allegations to authorize an assessment of damages in the manner stipulated for, and he cannot change it by instruction, and plaintiff's instruction number 4 should have been refused and defendant's instruction number 3 should have been given. 1 Suth. on Dam. 17, 18, 502, 503, 504 and 760 ; *Morse v. Rothburn*, 42 Mo. 594; *Hamaker v. Hamaker*, 49 Mo. 406; *Gorden v. Madden*, 82 Mo. 193 ; *Glass v. Gilvin*, 80 Mo. 297 ; *Brown v. Railroad*, 80 Mo. 457; *Bank v. Armstrong*, 62 Mo. 59 ; *Benson v. Railroad*, 78 Mo. 504 ; *Hensler v. Cannefax*, 49 Mo. 295 ; 26 Mo. 179 ; 67 Mo. 289. Plaintiff abandoned the claim for expense and time in taking care of his sheep at the trial and no action was taken on that part of petition, so the only question passed on and now in issue is with reference to the balance of the petition. Appellant maintains that plaintiff had a perfect right under the law to enter into the agreement to waive his rights the law gave him against defendant as a common carrier and substitute therefor a right less favorable to him when he received a valuable consideration therefor, even if defendant was a common carrier of live stock (which we deny, there being no evidence on that subject but the contract). Rorer on Railroads, 1299. Appellant maintains that under the petition the only recovery that could be allowed would be the actual damages sustained.

*A. H. Waller* and *J. H. Rodes*, for the respondent.

The petition alleges that by reason of appellant's negligence and misconduct, three of said sheep, of the

value of one hundred dollars each, died, whereby respondent was damaged in the sum of three hundred dollars, and that by reason of injury to the remainder of said sheep, from the same cause respondent was damaged in the sum of two thousand dollars. Then follows prayer for relief, asking for twenty-three hundred dollars damages. This is sufficient. *Cristal v. Craig*, 80 Mo. 375. Appellant's objection to amended petition in above assignment of error points out no fatal defect or infirmity in said petition. His objection goes merely to the form and lack of precision in respondent's statement. His remedy would have been by motion before trial to make this pleading more specific. Having failed to do this at the proper time he waived his right to complain. *Pomeroy v. Benton*, 57 Mo. 550 ; *Grove v. City of Kansas*, 75 Mo. 672 ; *Roberts v. Walker*, 82 Mo. 206 ; *Bowie v. Kansas City*, 51 Mo. 454. Appellant's second assignment of error is, that respondent failed to give notice of his damage to appellant as required by the contract. Appellant, by reason of the wrongful conduct of its agents waived its right to notice. *Bakery v. Ry.*, 19 Mo. App. 321 ; *Rice v. Ry.*, 63 Mo. 314 ; *Dawson v. Ry.*, 76 Mo. 514 ; *Owen v. Railroad*, 9 S. W. Rep. ( Ky. ) 841. If, as appellant claims and proved, it had no officer or agent nearer than Fort Worth, Texas, this clause is unreasonable and respondent was not bound to give notice. *Railroad v. Hains*, 28 Am. & E. Ry. Cases, 108. Appellant's third assignment of error is based on the refusal of the court to give appellant's instruction number 2, which claims release under the contract for damage beyond the line of its own road. This point must be held against appellant for the reasons : Because, by special contract, appellant undertook to carry to point of destination. Its connecting carrier was therefore its agent, and not respondent's, and appellant, by the terms of its contract, is liable for the wilful negligence of its agents. *Halliday v. Railroad*,

74 Mo. 162; *Machine Co. v. Railroad*, 70 Mo. 674; *Railroad v. McCarthy*, 96 U. S. 266; 1 Woods, Ry. Law, sec. 190, p. 545. Appellant could not stipulate so as to relieve itself against its own, or its agent's negligence. *Railroad v. Pontins*, 19 Ohio St. 221; *Conduit v. Railroad*, 54 N. Y. 500; *Snider v. Ex. Co.*, 63 Mo. 376; *Ball v. Railroad*, 83 Mo. 574; *Brown v. Railroad*, 18 Mo. App. 568; *Cantling v. Railroad*, 54 Mo. 385. Appellant is expressly made liable in this case by section 598, R. S., 1879. *Craycroft v. Railroad*, 18 Mo. App. 463; *Orr v. Railroad*, 31 Mo. App. 335; *Burtis v. Railroad*, 24 N. Y. 270. Appellant's fourth assignment of error asserts that respondent's amended petition sets out a new cause of action. This is untrue, in fact. Both the original and amended are based on the contract. Both plead stipulations thereof. Both aver a breach thereof, and it requires identically the same proof to sustain the one as the other. Respondent had the right to amend as he did. R. S., secs. 3567, 3573. Courts are liberal in allowing amendments where the cause of action is not totally changed. *Allotman v. Barnett*, 62 Mo. 170; *Robertson v. Railroad*, 21 Mo. App. 636. Appellant urges error on several grounds in its fifth assignment of error. That the damage awarded respondent is excessive. Respondent's damage, computed according to the rule laid down in the contract and the values therein fixed, was $3,198.72. Respondent sued for $2,300, and the jury awarded him $1,800. This was five hundred dollars less than he sued for, and $1,398.72 less than his damage really was. This certainly was not excessive. Appellant insists that the averments of respondent's amended petition will not sustain the finding for stipulated damages. The petition was good before trial, and as it was not demurred to, or attacked in any way, it is certainly good after verdict. *Cristal v. Craig*, 80 Mo. 375. Beside, appellant, in its answer, admitted that respondent's action

was a suit upon the contract for liquidated damages, and the case was tried upon this theory without objection. Appellant having asserted it then, is estopped from denying it now. "He is not permitted thus to mend his hold." *Railroad v. McCarthy*, 96 U. S. 267. The court did not err in refusing appellant's instruction number 3. Said instruction is indefinite, defective and misleading, and does not correctly declare the law. *Dempsey v. Reinsidler*, 22 Mo. App. 45. The court did not err in giving plaintiff's instruction number 4. By giving said instruction the court only applied the rule for ascertaining the damage laid down and agreed to by the terms of the special contract of shipment. The court could apply no other rule or measurement than that agreed to by the contracting parties. Such contracts are valid and binding. 1 Suth. on Dam. 475; *Harvey v. Railroad*, 74 Mo. 545; *Brown v. Railroad*, 18 Mo. App. 569; *Hart v. Railroad*, 112 U. S. 331; *Railroad v. Weakly*, 8 S. W. Rep. 139; *Hill v. Railroad*, 144 Mass. 294. Besides, the verdict was for the right party, and the jury awarded respondent less damage than he was entitled to under the pleadings and evidence; appellant was, therefore, not prejudiced by the giving of said instruction. *Tyler v. Larimore*, 19 Mo. App. 458.

ROMBAUER, P. J., delivered the opinion of the court.

On October 25, 1887, the plaintiff filed his amended petition herein, whereby he charged that he and the defendant entered into a special contract for the transportation of plaintiff's sheep, that the defendant was guilty of breaches of said contract, stating particulars, to plaintiff's damage in the sum of twenty-four hundred dollars.

The contract is filed with the petition. Such parts thereof as have any bearing on the present controversy are as follows:

"LIVE STOCK CONTRACT."

"MOBERLY STATION, September 11, 1882.

"This agreement, made between the Missouri Pacific Railway Company, of the first part, and Wm. Baker, of the second part, witnesseth: That whereas the said Missouri Pacific Railway Co., as aforesaid, transports live stock only as per above rules and regulations; Now, in consideration that the said party of the first part will transport for the party of the second part one car load of sheep to Cisco, Tex. Station, at the rate of ninety-six dollars per car load, the same being a special rate lower than the regular rates mentioned in their tariff, the said party of the second part hereby releases said party of the first part from the liability of a common carrier in the transportation of said stock, and agrees that such liability shall be only that of a private carrier for hire, and from any liability for any delay in shipping said stock after the delivery thereof to the agent of said party of the first part, or for any delay in receiving the same after being tendered to said agent.

" And said party of the second part hereby accepts for such transportation the cars provided by said first party, and used for the shipment of said stock, and hereby assumes all risks of injury which the animals or either of them may receive in consequence of any of them being wild, unruly or weak, or maiming each other or themselves, or in consequence of heat or suffocation, or other ill effects of being crowded in the cars, or on account of being injured by the burning of hay, straw or other materials used by the owner for feeding the stock or otherwise, and all risks of damage which may be sustained by reason of any delay in such transportation, whether occasioned by mob, strike or threatened violence to person or property, from any source, or injury to track or yards and all risks of escape or robbery of any portion of said stock, or of loss or damage from any

other cause or thing, not resulting from the wilful negligence of the agents of the party of the first part.

"And said party of the second part further agrees that he will load, unload and reload said stock at his own risk, and feed, water and attend to the same at his own expense and risk, while it is in the stock yards of the party of the first part awaiting shipment, and while on the cars, or at feeding or transfer points, or where it may be unloaded for any purpose.

"And for the consideration before mentioned, said party of the second part further agrees, that as a *condition precedent* to his right to recover any damages for any loss or injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same to said party of the second part, and before such stock is mingled with other stock.

"And said party of the second part, in consideration as aforesaid, further agrees that in case of total loss the sum of one hundred dollars per head shall be taken and demanded as liquidated damages for such loss, and in case of injury or partial loss, damage shall be measured in the same proportion.

"And it is further stipulated and agreed between the parties hereto, that in case the live stock mentioned herein is to be transported over the road or roads of any other railroad company, the said party of the first part shall be released from liability of every kind after said live stock shall have left its road ; and the party of the second part hereby so expressly stipulates and agrees ; the understanding of both parties hereto being that the party of the first part shall not be held or deemed liable for anything beyond the line of the Missouri Pacific Railway Company, excepting to protect the through rate of freight named herein.

" The evidence that said party of the second part, after a full understanding thereof, assents to all the conditions of the foregoing contract, is his signature hereto."

The answer of defendant denies every allegation of plaintiff's petition except its corporate existence and the execution of the contract. It sets up the following special defenses :

(1) That the defendant's road did not run from Moberly to Cisco, Texas, but only to Fort Worth, an intermediate station and two hundred miles from Cisco, which fact was well known to plaintiff when he entered into the contract. That the contract expressly provides that if said car load of sheep was to be transported over the road or roads of any other railroad companies that that of defendant, the defendant should be released from liability of any kind after it had left defendant's road. Further, that in consideration of a reduced freight, defendant was not to be held or deemed liable for anything beyond the line of its own railway, except to protect the through rate of freight.

(2) That the plaintiff failed to give the notice required by the terms of the contract.

(3) That the amended petition sets up a different cause of action from the one sued on in the original petition filed, and is in effect the institution of a new suit, and more than five years have elapsed since the pretended cause of action accrued ; therefore the action is barred by the statute of limitations of five years.

(4) That the damage was the result of plaintiff's own negligence or want of care.

The answer was denied by reply.

The trial of the case before a jury resulted in a verdict in favor of plaintiff for eighteen hundred dollars, and the defendant appealing, relies on the following points for reversal of the judgment:

(1) That the court erred in permitting any evidence to be introduced on the petition, because it states no facts to constitute a cause of action. The contract providing for stipulated damages, and the recovery not being sought on that theory, but on a theory of actual damages suffered.

(2) That the court erred in not sustaining the defendant's demurrer to the evidence since it appears affirmatively that plaintiff never gave the notice provided for by the contract.

(3) That the court erred in not giving the defendant's second instruction to the effect that if the injury happened after the sheep left defendant's road, and were on the road of a connecting line, the defendant was not responsible for such injury.

(4) That the court erred in refusing defendant's instruction to the effect that the filing of the amended petition was equivalent to the institution of a new suit, and if not filed within five years after the cause of action accrued, the action was barred by a limitation of five years.

(5) That the damages are excessive.

Upon the trial of the case there was evidence tending to show the following facts: The defendant owned and operated a road running through Moberly and terminating at Fort Worth. Cisco is about one hundred and twenty miles beyond Fort Worth on another railroad line, not owned or operated by the defendant. The plaintiff shipped sixty-nine head of sheep, under the contract above recited at Moberly, with the expressed intention of taking them to Albany, Texas, but being unable to get through freight-rates to Albany, contracted for a shipment to Cisco, only. No breach of the contract of transportation is claimed until the car passed Fort Worth. The plaintiff told the conductor repeatedly between Fort Worth and Cisco, that upon the arrival of the train at Cisco station, it would become

necessary to feed and water the sheep immediately,. as they could go no longer without feed or water, and the conductor promised that this would be done. When the train reached Cisco, the car, instead of being left at the stock-pen, was side-tracked, whereupon the plaintiff demanded of the station agent the immediate delivery of the sheep, so that he could feed and water them, tendering ninety-six dollars, the freight stipulated by the contract, and exhibiting his freight contract at the. time. The agent claimed that the freight-charges were one hundred and thirty-six dollars, and refused to deliver the sheep until such charges were paid. Plaintiff did not have the money and the sheep were left standing in the cars exposed to heat. It was finally agreed in the evening that the sheep should be forwarded to Albany, thirty-three miles from Cisco, where plaintiff hoped to obtain the money. Upon the arrival of the car at Albany, the plaintiff asked the agent for temporary possession of the sheep so that he could water them, which was denied. They were put into the stock-pen which had no accommodations for watering and the stock-pen was kept locked. Next morning the plaintiff succeeded in borrowing the additional money to pay the freight-charges exacted, and obtained his sheep, which were greatly injured by the intense heat, hunger, and thirst, having been forty-eight hours without food or drink.

The sheep, if in good condition, would have been worth thirty-five dollars per head at the place of contractual delivery. Three of them died owing to the exposure, the residue were sold by plaintiff for $1,295, or $19.63 per head, making a difference of $1,320.50, between the actual value and value realized.

This statement of the evidence is deemed sufficient for the determination of all questions of law presented upon this appeal, and we will consider them in the order presented.

I. The assignment of error that the amended petition states no cause of action, and the court therefore erred in not sustaining defendant's objection to the introduction of any evidence in its support, rests upon a misconception of the law. The objection rests on the theory that the relief prayed for is an essential part of the petition, and that testimony looking to any other relief is wholly inadmissible. Such is not the law. In actions at law, a demurrer will not lie because the prayer for relief is not warranted by the averments of the petition; the court may grant any relief consistent with the case made by the evidence and embraced within the issues. *Northcraft v. Martin*, 28 Mo. 469; *Easley v. Prewitt*, 37 Mo. 361; *Christal v. Craig*, 80 Mo. 375. In case of a variance between allegation and proof, the remedy of the party aggrieved is under sections 3565 and 3566 of the code, and the objection cannot be made by general demurrer, either to the pleadings or evidence.

II. The second assignment of error is equally untenable. The plaintiff agreed, as a condition precedent to his right of recovery, to give notice in writing of his claim therefor to some officers of the defendant, or its nearest station agent, before said stock was removed from its place of destination. The condition in its very nature can be effective only where the property shipped is removed from its place of destination by the shipper or his agents, and not where it is removed by the carrier or the carrier's agents. Here the place of destination fixed by the terms of the contract was Cisco, and had the sheep been delivered to the plaintiff there, as it was the carrier's duty to do upon tender of freight-charges, the carrier could have insisted upon the condition. As this was not done, the performance of the condition was necessarily waived. *Baker v. Railroad*, 19 Mo. App. 324; *Rice v. Railroad*, 63 Mo. 314; *Owen*

*v. Railroad*, (Kentucky court of appeals,) 9 S. W. Rep. 841.

In addition to this the respondent invokes the rule that, as this identical question was determined against appellant on a former appeal (19 Mo. App. 324), the question is not subject to re-argument, the former decision being the law of the case. This has been frequently decided in this state (*Bevis v. Railroad*, 30 Mo. App. 566, and cas. cit.), and would in itself be conclusive of the question but for the fact that the identity of the case at bar with the one reported in 19 Mo. App. rests on mere conjecture. There is nothing in the record to show that they are identical.

III. The following instruction, asked by the defendant, was refused by the court:

"2. The jury are instructed that if they believe, from all the facts and circumstances admitted in evidence in this case, that the car-load of sheep in controversy was transferred from the Missouri Pacific Railroad Company's road at Fort Worth, Texas, onto the Texas & Pacific Railroad, and that said Texas & Pacific Railroad was the road of another railroad company, and was not owned or operated by the Missouri Pacific Railway Company, and damage, if any, was done to said sheep after they left defendant's road at Fort Worth, and while being transported over the said Texas & Pacific Railroad, or some other road not owned or operated by defendant, the plaintiff cannot recover in this case, and the verdict must be for the defendant."

This instruction was offered in view of the last clause of the contract, by which the defendant is relieved from liability of every kind, after the live stock shall have left its own road.

That a common carrier may, by contract, limit his liability for all accidents, which are not the result of his own negligence, or that of his agents, has been the

settled law in this state, since the decision in *Levering v. Trans. Co.*, 42 Mo. 88, but, as was properly said by C. J. GIBSON, in *Atwood v. Railroad*, 9 Watts. 88, "the policy which dictated the rules of the common law requires that exceptions to it be strictly interpreted." Hence, the carrier, relying on an exception, must bring his case strictly within the terms of the exception. If, in the case at bar, the shipper had expressly agreed to relieve the carrier from any losses caused by the carrier's negligence, the stipulation would have been unavailing in favor of the carrier (*Sturgeon v. Railroad*, 65 Mo. 569), and as the connecting carrier, through whose default and negligence the loss was caused, was the defendant's agent, it is, to say the least, questionable whether, even in the absence of the statute hereinafter referred to, a stipulation exempting the carrier from losses caused by the negligence of such agent could be upheld.

But whatever doubt there might have been on that subject is set at rest by section 598 of the Revised Statutes, which, in case of a transportation over several roads, makes the carrier receiving the goods for transportation responsible for the negligence of the connecting carrier. We have stated in *Heil v. Railroad*, 16 Mo. App. 363, 368, that the statute establishes a rule of public policy, which the carrier cannot avoid by contract. We have re-affirmed that view in *Orr v. Railroad*, 21 Mo. App. 336, and consider the question settled as far as this court is concerned. The court, therefore, properly refused defendant's instruction, since the evidence was uncontroverted that the loss was the result of the negligence of the agents of a connecting line, and hence a loss for which the defendant was made responsible by statute.

IV. The court refused the following instruction asked by the defendant:

"The jury are instructed in this case that if they

believe, from the evidence, the wrongful acts and negligent conduct complained of in plaintiff's amended petition, were done and accrued more than five years before the twenty-fifth day of October, 1887, the date of the filing of said amended petition, then plaintiff cannot recover in this case, and their verdict must be for defendant."

It is well settled that an amendment which introduces a cause of action barred by limitation, is ineffectual to avoid the statutory bar. *Gibbons v. Steamboat*, 40 Mo. 253, 256. The rule is this : Where an amendment sets up no new matter or claim, but is a mere variation of the allegations of a demand already in issue, the amendment relates to the commencement of the suit, and the statute is arrested at that point, but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but is equivalent to a fresh suit upon a new cause of action. *Buel v. Transfer Co.*, 45 Mo. 562, and cas. cit. The question, whether an amendment may be properly allowed, is, in its nature, a different question from the one, whether if allowed, it relates back to the date of bringing the suit, for the purpose of determining questions of limitation.

The difficulty arises in the application of the rule to the facts disclosed by the case at bar. The plaintiff in his original petition sets out the contract in general terms, without referring to the clause relating to the measure of damages in case of breach, and concludes with an *ad damnum* clause and prayer for one thousand dollars judgment. The amended petition sets out the contract more fully, including the stipulation as to liquidated damages and avers that by breach of the contract the plaintiff lost three sheep of the value of three hundred dollars, and that the remainder were damaged to the extent of two thousand dollars, and then concludes with a prayer for twenty-four hundred dollars,

VOL. xxxiv—8

judgment for damages. The cause of action as stated in both petitions was for breach of the contract, but the claim for liquidated damages was a claim beyond the claim previously asserted, and hence for the purpose of limitation, a new cause of action.

If the defendant's instruction had been confined to this view of the case, limiting the plaintiff's recovery to damages actually sustained, the court would have erred in refusing it, but since it went further and asserted that if the breach of the contract occurred more than five years before the filing of the amended petition the plaintiff could not recover at all, it was properly refused.

V. The difference between the actual value of the sheep at place of delivery, and the value as realized, as shown by the uncontroverted evidence, was $1,320.50. The defendant asked no instruction on the question of damages, but at plaintiff's instance the court gave the following instruction :

"The jury are instructed that if they find for plaintiff, they will assess his damages at one hundred dollars per head for sheep that died from the effects of ill treatment on defendant's part or on the part of defendant's connecting carriers, and if the jury find that other of said sheep sustained damages from the same cause, such damages may be measured and estimated by the jury in the same proportion, but the aggregate amount of such damages, if any, cannot exceed the sum of twenty-three hundred dollars."

The defendant claims that this instruction was erroneous, and the damages of eighteen hundred dollars awarded by the jury are excessive. This complaint is just. The instruction was not warranted under the view we have taken of the pleadings, because the plaintiff was barred by limitation to recover more than actual damages sustained. It was not warranted by the evidence which was all directed to plaintiff's actual damages and not to any damages liquidated by the contract.

As the surviving sheep were shown to be worth only $19.63 per head, after the injury, the plaintiff's liquidated damages under this instruction would have amounted to $5,670.64 and the jury would have been bound to return a verdict for twenty-three hundred dollars at least, while their verdict is for eighteen hundred dollars, only. It is evident, therefore, that the jury's verdict was in total disregard of this instruction and upon some basis of computation not warranted in the record. On the other hand, as the evidence is clear and uncontradicted that the plaintiff's actual damages amounted to $1,320.50, as he was in no wise barred by limitation to recover such damages, and as, under the conceded facts and the law applicable thereto his right of recovery is unquestioned, we see no reason for remanding the cause for new trial, although the judgment for the error above stated must be reversed.

It is ordered, therefore, that if the plaintiff will, within twenty days after the filing of this opinion, remit of his damages all above the sum of $1,320.50, the judgment will be affirmed for that sum. If he fails to do so, the judgment will be reversed and the cause remanded, to be proceeded with in conformity with this opinion. All the judges concur.