| 44 | 245 |
| 53 | 660 |

THOMAS C. WATKINS, Respondent, v. THE ST. LOUIS,
IRON MOUNTAIN AND SOUTHERN RAILWAY
COMPANY, Appellant.

### St. Louis Court of Appeals, March 10, 1891.

1. **Common Carriers:** APPLICATION OF STATUTE AS TO CONNECTING
CARRIERS. The statute, which renders a carrier receiving goods
for carriage beyond its route liable for the negligence. of a con-
necting carrier, is applicable to a contract, made in this state for
the carriage of goods from a point in this state to a point beyond it.

2. **Damages:** COMPETENCY OF EVIDENCE. When the *quantum* of
damages is in issue, witnesses should establish the facts determi-
native of that issue. It is improper for a witness to merely state
in round figures his conclusion as to the amount of the damages,
since, by so doing, he assumes the office of the jury.

*Appeal from the Mississippi Circuit Court.*—HON.
H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *Geo. H. Benton,* for appellant.

(1) The carrier's liability is limited to his own
line, and the carrier is not liable for damages occurring
beyond the terminus of its railroad, except by special
contract. *Machine Co. v. Railroad,* 70 Mo. 672; *Rail-
road v. Pratt,* 22 Wall. 124; *Perkins v. Railroad,* 47
Me. 593; *People v. Railroad,* 55 Ill. 95; *Cobb v. Rail-
road,* 38 Iowa, 601; *McCarthy v. Railroad,* 9 Mo. App.
167; *Railroad v. Mfg. Co.,* 16 Wall. 324; *Burroughs
v. Railroad,* 100 Mass. 26; *Railroad v. Forsythe,* 61
Pa. St. 81; *Babcock v. Railroad,* 49 N. Y. 491; *Brim-
tall v. Railroad,* 82 Vt. 665; *Coates v. Express Co.,* 45
Mo. 238. (2) There is no legal evidence in this case
upon which a liability can be predicated, and the ver-
dict of the jury as to the damages could only have been

reached by a guess. *Reno v. Kingsbury*, 39 Mo. 245. The court erred in permitting the plaintiff to testify as to the value of his damages by referring to the allegation of value contained in the petition and refreshing his memory therefrom. There must be other proof of the extent of damages than the allegation merely of the petition. This principle is so obvious that it does not require any citation of authorities.

*James A. Boone* and *Frank E. Burrough* and *H. J. Cantwell* for respondent.

Section 994, Revised Statutes, 1889, makes defendant liable for any loss occasioned on a connecting line ; and recoveries based on that section have been affirmed by both courts of appeals. *Cracroft v. Railroad*, 18 Mo. App. 487 ; *Orr v. Railroad*, 21 Mo. App. 333.

THOMPSON, J.—This action is brought to recover damages of the defendant for injuries to two carloads of potatoes, delivered to the defendant by the plaintiff at Charleston, Missouri, for shipment to Chicago, Illinois. The petition contains four counts. The answer was, *first*, a general denial ; *secondly*, a special defense, setting up a special contract of shipment, under which the defendant was not liable for injuries to property beyond its own line. At the close of the evidence the plaintiff took a nonsuit as to the second, third and fourth counts of his petition, and went to the jury on the first count. The jury returned a verdict for $542.50. The plaintiff thereupon remitted $42.50, and the court rendered judgment for the residue, $500.

I. The defendant, appealing to this court, assigns for error several rulings in respect of instructions, predicated upon the special defense already stated. We may dispose of all these assignments of error, by merely observing that the act of June 11, 1879 ( R. S. 1879, sec. 598 ), was in force when this transaction took place.

As the defendant issued to the plaintiff a through bill of lading to Chicago, that statute was applicable, although a portion of the transit was to be performed by a connecting carrier whose line was wholly without the limits of this state. Of course we do not intend to intimate that, if the action had been against a connecting carrier, whose line was wholly without the limits of this state, the statute would have had any application; for such a statute obviously can have no extra territorial force, except by agreement of parties. The statute, roughly speaking, makes the carrier receiving the goods responsible for the negligence of any connecting carrier in completing the transit. It is a statute of public policy, and cannot be evaded by the convenient device of giving a receipt or imposing upon the shipper a special contract contrary to its terms. *Heil v. Railroad,* 16 Mo. App. 368. In the case just cited the facts were parallel to the case now before us. Apples were shipped and were injured in shipping. The transit was from a point in this state to a point in Texas, and we held the statute applicable in that case.

II. But we find ourselves constrained to reverse the judgment, because there was no substantial evidence of damages on which the case could have been submitted to the jury. The evidence showed that the plaintiff delivered to the defendant at Charleston, Missouri, for shipment to Chicago, Illinois, a carload of potatoes, in good condition, on or about the twenty-third of June, 1882; that the potatoes were loaded into a refrigerator car built for the transportation of beer; that the car was destitute of ventilation; that the plaintiff had never shipped potatoes before, and did not know the kind of car required for the safe shipment of them in hot weather; that the station-agent represented to the plaintiff that the car was suitable for the purpose required of it; that the car was five days in transit to Chicago, and that, when it arrived at Chicago, the potatoes were found to be very badly rotted and

damaged.   But plaintiff adduced no definite testimony as to what the extent of the depreciation was.   He read in evidence the deposition of the commission merchant in Chicago, to whom the potatoes had been consigned. This witness testifies that the potatoes were nearly a total loss.   He worked at them a whole day with three or four men, trying to save the plaintiff from a total loss, but he does not say how much he did save.   The plaintiff was unable to give any evidence on the subject except the information which he received from the consignee, and he could not even state anything definite about that.

Against the objection of the defendant, the plaintiff was allowed to take the petition in the case, and to look at the *ad damnum* clause, for the purpose of refreshing his memory as to the amount of damages which he had sustained.   After having thus refreshed his memory, he was allowed, against the objection of the defendant, to testify, in round terms, that he had been damaged in the sum of $392, the damages claimed in the petition. It has been often held in this state, and in this court, that a witness cannot assume the office of the jury by stating roundly the amount of the damages sustained by the plaintiff.   *White v. Stoner*, 18 Mo. App. 540; *Kenneday v. Holladay*, 25 Mo. App. 503, 514; *Smith v. Young*, 26 Mo. App. 575, 578; *Reno v. Kingsbury*, 39 Mo. App. 240, 246; *Kauffman v. Babcock*, 66 Tex. 241.   The principle of these decisions is, that the *quantum* of damages is a conclusion for the *jury* and not for the *witness* to draw; that the witnesses must state the facts from which the conclusion can be drawn, and that the jury must draw the conclusion from the facts thus stated.   This principle is of peculiar application in the present case.   Here the law furnished a distinct standard for the measurement of the damages, and what that standard was is pointed out in *Heil v. Railroad*, 16 Mo. App. 363.   In such a case the jury cannot guess at the damages.   *Morrison v. Yancey*, 23 Mo. App. 675.   But

there was no evidence showing the amount of depreciation or loss, and the evidence on the other hand showed that the loss was not total. There was, therefore, nothing on the subject of damages on which the jury could proceed in making their estimate beyond mere conjecture or surmise.

The judgment will be reversed and the cause remanded. All the judges concur.